## HIRAM LUCKEY V. THE STATE.

Where a convict is committed to jail until the fine and costs be paid, it means actual imprisonment within the four walls of the jail; and where the Sheriff permits such convict to go at large, he is liable for an escape.

There is no question of the authority of the Court, where a prisoner has been convicted of an offence punishable by fine, and has escaped and been retaken, to recommit him until the fine and costs be paid.

The Court has no authority to remit any part of the fine or costs in a criminal case.

A prisoner convicted of an offence punishable by fine, cannot demand a discharge upon proof that he is unable to pay the fine; but must stand committed until the fine and costs be paid, or for such shorter time as the Court, in its discretion, may deem proper, under the Statute.

Appeal from Rusk. The appellant was convicted, at the Fall Term, 1853, of the District Court of Rusk county, of playing at a game with cards, on which money was bet, and fined $19 50, for which, with costs of suit, judgment was then rendered against him; and it was therefore ordered "that he stand committed to prison until said fine and costs be paid." He escaped from custody, but appearing in the same Court, in person, at the Fall Term, 1854, he was, on motion of the District Attorney, by order of the Court, remitted to custody (it appearing to the Court that he had escaped, &c., and that said fine and costs had not been paid,) until the same should be

paid. He moved to be discharged, upon his own affidavit that he had no estate or means to pay such fine and costs; but as he admitted in his affidavit that he had certain articles of personal property, the Court, in its discretion, reduced the fine and costs to $25, and ordered " that he be recommitted to " prison for the space of ten days, unless he sooner pay the said " sum of $25, and that if he do not pay the said sum at or " before the expiration of said ten days, that he then be dis- " charged from custody."

*W. B. Ochiltree*, for appellant.

*Attorney General*, for appellee.

WHEELER, J. There can be no question, that the action of the Court, in committing the convict to prison until the fine and costs be paid, was legal and correct. The imprisonment, authorized by the Statute, is designed to enforce punishment where it is imposed by fine; and it can make no difference, as respects the mode of enforcing the punishment, whether the offence is punishable by fine and imprisonment, or by fine only. The law gives the same means of enforcing the pecuniary penalty in either case. The imprisonment, authorized by the Statute, is an actual imprisonment, within the four walls of the jail; and where the Sheriff permits a convict committed to his custody to go at large, he is liable for an escape. When retaken, there can be no question of the authority of the Court to recommit. It was very properly so ordered by the Court in this case; and there is no error in the judgment, of which the appellant can complain. But the Court had no authority to remit any part of the fine and costs, and of this the State very justly complains. After conviction and assessment of the fine by the jury, the Court has no power to remit the punishment imposed. That is the exercise of the pardoning power, which appertains exclusively to the Executive. Neither has the

Vol. XIV. 26

Court the power to remit costs. Those are matters of private right, which neither the Court nor any one else on behalf of the State, can release, without the consent of those to whom they are due. The Statute, though its meaning is not very clearly expressed, was evidently intended to empower the Court to fix such a limit to the term of imprisonment, as the Court, in its discretion, might deem proper, upon satisfactory proof of the inability of the party to pay the fine and costs ; but not to empower the Court to remit any portion of either the fine or costs. (Hart. Dig. Art. 401 ; Dixon v. The State, 2 Tex. R. 481.) The Court therefore erred in its judgment remitting a portion of the fine and costs ; and, in so far, the judgment is reversed and set aside ; in all other respects it is affirmed.

Judgment affirmed.