## WILLIAM SMEDLY ET AL. *v.* THE STATE.

An indictment for robbery should state clearly the ownership of the property charged to have been taken, as well as the name of the person from whom it was taken. (Paschal's Dig., Art. 2379.)

DONLEY, J., dissented, and insisted that the indictment, though not good as an indictment for robbery, was good as an indictment for assault and battery.

ERROR from Hunt. The case was tried before Hon. W. G. T. WEAVER, one of the district judges.

The indictment charged the appellants with an assault and battery on Crely, and putting him in fear, and while in such fear they "then and there, with force and arms, fraudulently, unlawfully, did take and carry away from and out of the possession of him the said Sin Crely one shot-gun of the value of twenty five dollars, the said shot-gun being

the corporeal personal property of one——, and within the legal custody and control of him the said Sin Crely, and with the intent then and there to appropriate the said shot-gun, the property as aforesaid, to the use of them and each of them." John Smedly was put upon his trial without plea, as far as the record shows, and the jury found a verdict as follows: "We the jury find the defendant, John Smedly as alleged in the indictment, and fix his punishment at the penitentiary for two years."

The defendant moved for a new trial and in arrest of judgment, which being overruled, he appealed. The charge of the court is in the record; but as the case turned upon the sufficiency of the indictment, it is unnecessary.

*Reeves & Douglass*, for the appellants.

*William M. Walton, Attorney General*, for the state.

WILLIE, J.—The indictment in this case charges that the property taken by the defendant was "the coporeal personal property of one——, and within the legal custody and control" of the party upon whom the assault was committed. It is defective in not giving the name of the party to whom the article taken belonged. An indictment for robbery must state correctly the ownership of the property, (3 Arch. Crim. Plead., 417, note 3,) and all the approved common-law forms of indictments set forth the ownership of the property taken, as well as the name of the person from whom it was taken. (3 Arch. Crim. Plead., 417, note 3; Whart. Prac.) And our statute does not change the rules of the common law so as to allow any less particularity in this respect. It should clearly appear from the indictment that the article taken belongs to some person other than the accused, or that the party deprived of the possession through violence is entitled to such possession

as against the defendant. For aught that appears from this indictment, the gun may have been the lawful property of Smedly, although in the legal custody and control of another. The owner cannot be guilty of theft, according to our statute, by taking such property from the party in possession, though under circumstances which would otherwise amount to this offense. (Penal Code, Art. 751.) Nor do we think that he would be guilty of robbery, though he obtained possession of it through violence and putting in fear. It is held at common law that if a party, *bona fide,* believing that property in the personal possession of another belongs to himself, takes that property away from him with menaces and violence, that is not robbery. (1 Russ. on Crimes, 872.) He certainly would not be liable to an indictment for robbery if the property ·actually belonged to him and he was entitled to its possession.

Had the indictment charged that the gun was the property of the person from whom it was taken, it would probably have been supported by proof that this article was in his legal custody and control, though belonging to some third party. But in this indictment there is no allegation that it belonged to any· one, much less does it affirmatively appear that it is the property of some one other than the defendants.

The judgment of the court below, refusing to sustain the motion in arrest of judgment, must be reversed, and the cause

DISMISSED.

DONLEY, J., DISSENTING.—A motion was made in the district court to arrest the judgment, because of the insufficiency of the indictment to support a conviction for the offense of robbery. I concur in the opinion, that the appellant could not legally be convicted of robbery on the indictment in this case. I, however, entertain the opinion that the appellant should not have been discharged. The

indictment, although not good as an indictment for robbery, is a good indictment for assault and battery; and the evidence very clearly shows the appellant to be guilty of that offense, under such circumstances of aggravation as would seem to require the jury to impose upon him a severe punishment.

The effect of arresting a judgment is to place the defendant in the same position he was before the indictment or information was presented; and if the court be satisfied from the evidence that he may be convicted upon a proper indictment or information, he shall be remanded into custody or bailed, as the case may require. (Art. 680, Code Crim. Pro,) [Paschal's Dig., Art. 3145.]

If the court be satisfied from the evidence that the defendant might be convicted upon a proper indictment or information, he shall not be discharged.

It is not required that the evidence should be sufficient to convict the defendant of the offense which has been attempted to be alleged against him. ' If, from the evidence, upon a proper indictment, he may be convicted of an offense, he shall be remanded into custody or bailed, as the case may require. The words of the statute are not confined to a proper indictment for the offense which has been attempted to be alleged against the party accused of an offense. The evident intent of the words used in the article cited is, that if he may be convicted, upon a proper indictment charging the offense which the evidence shows he has committed, he shall be held to answer.

The question on arresting judgment is, does the evidence show the defendant to be guilty of an offense for which, by law, he is liable to be indicted? If the evidence does show him to be so guilty, he shall be remanded or bailed, as the case may require.

In this case, as the district court improperly overruled the motion in arrest of judgment, should not the judgment

of this court, reversing the action of the district court, place the parties in the position they would have occupied if the district court had ruled correctly on hearing the motion in arrest of judgment? This would be effected by remanding the cause to the district court. Is it not competent for this court to make such an order as shall have the effect to require the defendant to answer to the offense he has committed?

Article 742, Code of Criminal Procedure, provides, that "the judgment in a criminal action upon appeal may be wholly reversed and dismissed when brought up by the defendant, or affirmed and dismissed when brought up by the state. The judgment may be reformed and corrected, or the cause may be remanded for further proceedings in the district court, as the law and the nature of the case may require. It must be admitted, that under this article in the code, it is competent for this court to remand the cause to the district court for further proceedings. Then do not the facts in evidence in this cause present such a case as to require the cause to be remanded? It is stated that defendants, John and William Smedly, on a certain day in 1867, came to the house of one Kennedy, in Hunt county. They were offered seats near the fire. Crely, the witness, took a seat by the appellant; that appellant remarked to witness that he, appellant, understood that witness had had some pretty chat about appellant and appellant's brother, who was with him; to which the witness replied, that appellant and his brother had had some such chat about witness; upon which appellant said, in an angry manner, that witness was a damned liar, and knocked him down; that witness lay on the floor a minute, then got up and staggered toward the bed at the back of the room; that Mrs. Kennedy pushed witness back on the bed; that appellant started towards witness, Crely, saying that he would hickory-whip him, Crely, to death, when Mrs. Kennedy pushed appellant back, and appellant, after cursing

round a little time, at the request of Mr. Kennedy, the proprietor of the house, left, taking with him the gun as he went.    Crely was boarding at Kennedy's at the time of this transaction.

John Smedly, the brother of appellant, and who was jointly indicted with him in this case, stood near the door, with his hand on a six-shooter, during the fray.    The witness, Crely, was in a quiet good humor during the conversation between himself and appellant, before the commencement of the difficulty, before the evidence shows the assault was made upon him.    After the contest was ended, appellant took and handed to his brother the gun which was setting in the house, and which was taken away by appellant and his brother.

There certainly can be no doubt that, if the court was of opinion that the evidence showed the appellant guilty of the crime of robbery, he should not have been discharged because of the insufficiency of the indictment, but that he should have been held to answer to an indictment that should be preferred, properly charging the offense; but, if not satisfied that the evidence was sufficient to convict of the offense of robbery, yet, as it does appear beyond a reasonable doubt that he was guilty of an assault and battery, he should have been held to answer to an action for that offense.    (Art. 680 Code of Crim. Pro., before cited.)

If the district court erred in refusing to arrest the judgment on the verdict for robbery, because of the insufficiency of the indictment to support a judgment for that offense, yet should not the defendant be remanded to that court, that he may be held to answer to an indictment for such offense as the evidence shows him to have been guilty of, as it cannot be questioned that this court has the power to remand the cause to the district court, if there was no indictment against him upon which he might be convicted of an offense.    The object of the law, as clearly shown in

the article last cited, is, that offenders shall not go acquit of punishment because of the insufficiency of the indictment, if the evidence shows them to be guilty.

The laws, if faithfully and efficiently executed, it is believed, must tend to check, if they do not altogether suppress, crime.

The quiet and law-abiding citizen is entitled to protection from assaults and violence. He should feel that the laws which have been enacted for the purpose of securing him from wrong and injury can be so enacted as to effect the purpose for which they were enacted.

If, as in this case, the party upon whom the assault was committed, and who may have presented the matter to the grand jury, and who was in attendance upon the court, gave evidence before the jury, knowing that on the trial the evidence, without any conflict, shows the appellant to have made upon him a violent assault, in the house of a private family, the only place he had to call his home, and there striking him a blow so violent that he falls and lies upon the floor—that with these facts before the court, the appellant has, by the judgment of this court, been set at liberty, without restraint, and without requiring an assurance that he will be present to answer, if another indictment should be preferred against him for the offense which the evidence clearly shows he has committed,—if parties may so evade punishment, must not the citizen feel that the law, as executed, is unequal to the punishment of offenders, and that the law cannot be so enacted as to protect the citizen from violence and wrong? If I am correct in this position, I assume that the court had the power, on arresting the judgments rendered in this cause on the trial in the district court, to remand the cause to the district court. Then, for the security and protection of the citizen, and for the punishment of the violators of the law, this power should be so exercised as to bring the of-

fenders to a trial, that such punishment should be inflicted as provided by law he should receive for the act he has committed.

.These remarks have been made upon the supposition that it may have been held that the indictment in this cause does not charge any offense for which the appellant can legally be convicted and punished.

I, however, entertain the opinion, that the offense of assault and battery is clearly charged in the indictment, independent of and disconnected from the attempted charge of robbery, which, it is admitted, is insufficient to show the accident or innocent intention. Every fact necessary to constitute an assault and battery is alleged in this indictment. Does the fact that the attorney, in preparing the indictment, having attempted to allege that the appellant at the time of committing the assault also committed a robbery, which latter averment is insufficient, vitiate the allegation as to the assault and battery, which might be held good if there had been no attempt to allege the robbery? The attempted allegation of the robbery is surplusage; it cannot vitiate that which is well pleaded.

In Elliott v. The State, 14 Tex., 423, the court says, "Unnecessary and merely useless averments cannot affect the legal validity of the indictment; the repugnant may vitiate, but the merely useless never." There is, in the allegations in this indictment, in attempting to allege a robbery, nothing contradicting the alleged assault and battery. Disconnecting the attempted allegation of robbery from the indictment, it leaves this allegation in substance as follows: "That John Smedly and William Smedly, on the 25th day of February, A. D. 1867, did, with force and arms, in the county of Hunt, in and upon the body of Sin Crely, did then and there make an assault, and with their fists, hands, feet, and other parts of their bodies did beat, wound, and otherwise ill-treat, did then and there, and by the means aforesaid, inflicting upon the body of him, the

said Sin Crely, divers bruises and wounds, in and upon the head, back, sides, and of the body of the said Sin Crely, in consequence of which said wounds, bruises, cuts, and strokes, he, the said Sin Crely, suffered great pain,  *  *  against the peace and dignity of the state." Can a party assault, beat, wound, bruise, and inflict great pain upon another without violating law?

Article 475, Code of Criminal Procedure, defines an assault and battery to be the use of any unlawful violence upon the person of another, with intent to injure him, whatever be the means or degree of violence used. Article 476 provides, that when injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury. [Paschal's Dig., Arts. 2943, 2944.]

If the averments in the indictment show the defendant to be guilty of an offense for which he is liable to be indicted and have imposed upon him punishment provided by statute, I know of no law authorizing the court to discharge him without a trial. The court must find a warrant in the law for every judgment rendered by it. If the facts alleged in the indictment show the appellant to be guilty of an offense for which by law he is made liable to be indicted and punished, the court is powerless to relieve him; he must be tried in the manner provided by law. The court can only decide questions that are presented for its consideration. If the facts stated in the indictment show that the defendant is guilty of acts punishable by law, the judgment of the court should require that the truth of the facts alleged be inquired into by a jury, if the facts alleged are found to be true. If the punishment for the offense is fixed by law, the court must render it. If the punishment is to be assessed by the jury, the judgment should be rendered upon the finding of the jury. In neither case can the court abate anything of the punishment affixed by the law to the act which is ascertained by

the verdict of the jury to have been committed. In Luckey v. The State, 14 Tex., 400, the defendant was convicted of a misdemeanor, and a fine assessed against him, the offense being punishable by fine; he escaped from custody at the time of conviction, but, appearing at a subsequent term of the court, he was, on motion of the district attorney, committed to custody until the fine and cost should be paid. On his motion to be discharged, accompanied by his affidavit that he had no estate or money to pay such fine and cost, the court in its discretion reduced the fine and cost.

It was held there, that "the district court had no authority to remit any part of the fine and cost. In the case now under consideration, there has been no conviction, and consequently there can be no part of the judgment remitted. This case, it must be admitted, is not identical with the case of Luckey, yet the same principle applies to both, as has been said. The court must find a warrant in the law for any ruling made or judgment ordered by it. If the acts alleged to have been committed, if true, constitute an offense, the truth or falsity of those acts must be determined by the jury from the evidence, unless, by agreement in some case, a jury may be waived, and by consent the issue is submitted to the judge without the intervention of the jury. Certainly, unless the jury be waived, the defendant cannot be tried without them. Nor do I know of any law authorizing the court to deprive the state of a trial by jury in a matter involving a criminal violation of law.

It is not intended to say that the court in this case has passed upon questions of fact. The opinion is devoted to a discussion of the legal sufficiency of the indictment to support a judgment of conviction for the crime of robbery.

The question of the sufficiency of the indictment to warrant a judgment, if convicted, for an assault and battery, is not discussed. It is, however, involved in the judgment which is rendered in this cause. Believing that the indict-

ment is sufficient to warrant a judgment of conviction for
an assault and battery, and that the evidence clearly shows
the defendant to be guilty of a violation of the criminal
law, of which he might be convicted under this indict-
ment, I am constrained to withhold my assent from so
much of the opinion as discharges the appellant from fur-
ther answering to the assault, and fully alleged against him.