## J. R. Barnes *v.* The State.

Robbery. — Indictment for robbery must, by appropriate averment, show that the property taken belonged to some person other than the accused, or that the person deprived of its possession was entitled thereto as against the accused. One who, being entitled to the possession of his own chattel, takes it by violence from another, is not guilty of robbery.

Appeal from the District Court of Falls. Tried below before the Hon. L. C. Alexander.

The indictment charged that the appellant and one Dr. Goodnight, on May 16, 1878, did unlawfully, fraudulently, and feloniously, in and upon the body of E. F. Davidson, make an assault, and did tie the said Davidson with a rope, and by violence, and by putting in fear the life of said Davidson, did fraudulently take from his possession, with intent to appropriate the same to their use and benefit, one gold watch of the value of $150, one hundred gold coins of the denomination and value of $20 each, and sundry other articles. No ownership of the property was alleged. The appellant was alone upon trial, and, being found guilty, his punishment was assessed at seven years in the penitentiary.

*Ring & Easley*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J. The indictment upon which appellant was tried and convicted fails to negative, except by inference, that the money and other property taken by the appellant and his co-defendant from the possession of the injured party, by violence and putting him in fear, was the property of the persons indicted. An indictment for robbery must clearly show upon its face, by appropriate averment, that the property taken belonged to some person other than the accused, or that the party deprived of the possession through

violence was entitled to such possession as against the accused. The owner of property, entitled to its possession, cannot be held guilty of robbery although he takes it from another by violence and putting in fear of life. *Smedley* v. *The State*, 30 Texas, 214 ; *Childs* v. *The State*, Sup. Ct., Austin term, April 27, 1875.

The indictment being defective in substance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*