## EX PARTE ROGERS COOK.

No. 4166.    Decided October 11, 1916.

**1.—Habeas Corpus—Justice Court—Road Law—Capias Profine.**

Where relator was convicted in the Justice Court for failing to work on a public road, and he was allowed to go at large for about a year and a half, when he was arrested and placed in jail, under capias profine to satisfy the judgment of the Justice Court, the matter must be treated on the theory of an escape, and there was no error in recommitting the relator to custody.

**2.—Same—Statutes Construed—Rule Stated—Dormant Judgment.**

The civil statute with reference to dormant judgments does not apply, and it is not necessary to issue the execution. This may be done in addition to the imprisonment under the capias profine. See opinion for a review of articles 867, 869, 871, 872, 875, 877, Code Criminal Procedure.

Appeal from the District Court of Shelby. Tried below before the Hon. W. C. Buford.

Appeal from a habeas corpus proceeding, remanding relator to cus-

tody under a capias profine, issued from the Justice Court, to satisfy a fine of three dollars and costs.

The opinion states the case.

*James S. Stephenson,* for relator.—On question of dormant judgment: Gale Manufacturing Co. v. Dupree, 146 S. W. Rep., 1048.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Ex parte Wyatt, 29 Texas Crim. App., 398, and cases cited in opinion.

DAVIDSON, JUDGE.—In January, 1911, relator was convicted in the Justice Court of Shelby County for failing to work on a public road, his punishment being assessed at a fine of $3 and costs. He was allowed to go at large for about a year and a half when he was arrested and placed in jail under a capias profine to satisfy the judgment. On this showing the district judge under a writ of habeas corpus remanded relator to custody. From this he appeals, urging that the judgment assessing the fine of $3 and costs had become dormant because not executed forthwith, and that since the judgment had not been executed for a year and a half he was entitled to his discharge from further liability. We are of opinion that this proposition is not well taken. In such cases this matter has been treated on the theory of escape. Among the early decisions is Luckey v. State, 14 Texas, 400. The opinion was by Judge Wheeler of the Supreme Court of Texas. The Luckey case has been followed in subsequent cases. We might also refer to Ex parte Dickerson, 30 Texas Crim. App., 448. The decision of the trial court, we think, is in accordance with the statute.

Article 869, C. C. P., provides that when the judgment against a defendant is for a pecuniary fine and the costs of prosecution, he shall be discharged in one of three ways: First, when the amount of such fine and costs have been fully paid; second, when the same have been remitted by the proper authority, and, third, when the defendant has remained in custody the length of time required by law to satisfy the amount of such judgment, as hereinafter provided. Article 871, C. C. P., provides that when judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged under the terms of article 867. Article 867 provides that when the punishment assessed against a defendant is a pecuniary fine only, the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all the costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid, or if the defendant be not present, that a capias forthwith issue commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; and further, that execution may issue against the property of such defendant for the amount of such fine and costs. Article 872 is to the same effect

and provides in such cases if defendant is not present a capias shall forthwith issue for his arrest and the sheriff shall execute it by placing the defendant in jail until he is legally discharged. Article 875 provides that in such cases a capias may issue for the fine and costs, notwithstanding a capias may have issued for the defendant; and a capias may issue for the defendant, notwithstanding an execution has been issued against his property. When this execution has been collected and returned it shall operate as in civil cases. If under the execution the fine and costs have been collected, defendant shall be discharged; and article 877 also provides that when a defendant has been committed to jail in default of the fine and costs adjudged against him, the further enforcement of such judgment shall be in accordance with the law of this State relating to county convicts. The civil statute with reference to dormant judgments does not apply. It is not necessary to issue the execution. It may be done in addition to the imprisonment under the capias profine. The fact that execution may or may not issue does not prevent the incarceration of the party under capias profine. The judgment must be paid. This is not a civil but a criminal case. The judgment is not a civil debt, although it may be collected by execution, but still the capias profine can issue at any time before the judgment is paid.

Believing there is no merit in this question, the judgment of the District Court is affirmed

*Affirmed.*