**1**

Joe SPENCE v. STATE. (No. 10497.) (Court of Criminal Appeals of Texas. Oct. 13, 1926.) Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge. E. L. Roark, of Dallas, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in criminal district court No. 2 of Dallas county for theft; punishment seven years in the penitentiary. The record contains neither statement of facts nor bills of exception. The indictment charges the offense of theft of property of the value of more than $50. The charge of the court properly submits the law of such offense. No error appearing, the judgment will be affirmed.

---

**2**

Janie TAYLOR v. STATE. (No. 10601.) (Court of Criminal Appeals of Texas. Nov. 3, 1926.) Appeal from Criminal District Court, Tarrant County; Geo. E. Hosey, Judge. Harvey Shead, of Fort Worth, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for the unlawful sale of intoxicating liquor; punishment being assessed at confinement in the penitentiary for one year. As the record comes before us, it is without statement of facts proven upon the trial or bills of exception. In such condition, no question is presented to this court for review, and the judgment is affirmed.

---

**3**

L. B. THOMAS v. STATE. (No. 10250.) (Court of Criminal Appeals of Texas. Oct. 13, 1926. Motion for Rehearing Withdrawn Nov. 17, 1926.) Appeal from District Court, Van Zandt County; Joel R. Bond, Judge. Wynne & Wynne, of Wills Point, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. Under an indictment for assault with intent to murder, appellant was convicted of aggravated assault, and his punishment fixed at a fine of $500. Using a pistol, appellant shot and wounded Ed Ayres. With the exception of a criticism of the court's charge, the record is bare of bills of exceptions.

From the facts we learn that it was claimed by the appellant that his tenant, Casey, had abandoned the crop; that Ayres and others went upon the premises and were examining it. Upon observing them, appellant armed himself and went to the field, where an altercation took place. Casey and Ayres were brothers-in-law. The testimony of the state's witnesses is to the effect that the appellant used some very harsh language concerning Casey, and that Ayres told the appellant that he was a liar. A shot was immediately fired by the appellant, preceded by no demonstration of Ayres. According to the appellant's testimony, the shot was preceded by a demonstration by Ayres, who threw up his hands under the bib of his overalls and took two or three steps in the direction of the appellant. The criticism of the charge was general, save that part which complains that the jury was confined to the consideration of an assault or demonstration threatening "serious" bodily injury or death. The charge of the court, as it appears in the record, is not amenable to this objection. The jury was instructed in appropriate language that, if the shot was fired in real or apparent danger of an assault, threatening "injury" to the appellant, he would be justified in combating it with such force as appeared necessary. The judgment is affirmed.

**On Motion for Rehearing.**

Since the filing of his motion for rehearing, appellant has filed a written application, duly verified, requesting the withdrawal of said motion. The application is granted, and it is ordered that mandate issue upon the original hearing, in which the judgment of the trial court was affirmed.

---

**4**

Shorty THOMAS v. STATE. (No. 10537.) (Court of Criminal Appeals of Texas. Oct. 13, 1926.) Appeal from District Court, Montague County; Vincent Stine, Judge. Jameson & Crawford, of Montague, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for one year. Appellant entered a plea of guilty, and the lowest penalty was assessed. The record reveals no complaint of the procedure, nor do we find any authenticated statement of the evidence. The judgment is affirmed.