## EX PARTE L. B. THOMAS.

### No. 11367.   Delivered February 1, 1928.

**1.—Habeas Corpus—Remission of a Fine—By Commissioners Court—Invalid.**

Appellant, who was convicted in Van Zandt County of an aggravated assault, and fined the sum of $500.00, sought release from custody through a habeas corpus proceeding, on the ground that the Commissioners' Court of Van Zandt County had remitted said fine by an order entered at a regular session of said court.

**2.—Same—Continued.**

Based on Art. 4, Sec. 11, of the Constitution of Texas, and Art. 952, R. S., 1925, the power to relieve one convicted of a penal offense of a fine assessed against him, is vested alone in the Governor. See Snodgrass v. State, 150 S. W. 162, and Ex Parte Rice, 162 S. W. 891.

**3.—Same—Powers of Commissioners Courts—Statutes Construed.**

The power of commissioners courts are enumerated in several sections of the Constitution, namely, Art. 5, Secs. 20, 21, 22, 24, 28 and 29, and in Title 44, Revised Statutes of 1925. A commissioners court is one of limited power, and such court is not authorized to remit fines assessed on penal cases. See Mills County v. Lampasas County, 90 Texas, 602, and other cases cited.

Appeal from the District Court of Van Zandt County.   Tried below before the Hon. Joel R. Bond, Judge.

Appeal from an order of the District Court, remanding appellant on a habeas corpus hearing.   Affirmed.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from an order of the District Court of Van Zandt County in a habeas corpus hearing remanding the appellant to custody.

Under an indictment for assault with intent to murder, the appellant was convicted in the District Court of Van Zandt County of an aggravated assault, punishment fixed at a fine of $500.   (See Thomas v. State, 287 S. W. 1116.)   The court costs

amounted to $115.85. In an application for a writ of habeas corpus, appellant tendered the costs but sought release from the payment of the fine upon the ground that the fine had been remitted by the Commissioners Court of Van Zandt County. It appears from the record that on November 8, 1926, by an order entered by the Commissioners Court at regular session the fine against the appellant was remitted, and that at a subsequent date, March 14, 1927, the order remitting the fine was rescinded.

We have no brief for the appellant, but assume that the legal question involved is whether the order remitting the fine was within the jurisdiction of the Commissioners Court.

In Art. 4, Sec. 11, of the Constitution of Texas, the pardoning power is vested in the Governor in the following terms:

"In all criminal cases, except treason and impeachment, he shall have power after conviction, to grant reprieves, commutations of punishment and pardons; and under such rules as the Legislature may prescribe, he shall have power to remit fines and forfeitures."

Based on the constitutional provision mentioned, the Legislature declared in Art. 952, R. S., 1925, that the Governor may remit fines. So far as we are aware, the power to relieve one convicted of a penal offense of a fine assessed against him is vested alone in the Governor. This view is emphasized by the precedents in this state. See Snodgrass v. State, 150 S. W. 162; Ex Parte Rice, 162 S. W. 891.

The powers of the Commissioners Court are enumerated in several sections of the Constitution, namely, Art. 5, Secs. 20, 21, 23, 24, 28, 29, and also Sec. 18, which reads in part as follows:

"The County Commissioners so chosen, with the County Judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the state, or as may be hereafter prescribed."

See also Title 44, Revised Civil Statutes, 1925.

Acts of the Commissioners Court which are not set forth or implied in some of the provisions of the Constitution mentioned, or in some statute within constitutional bounds, have often been held unauthorized. That is to say, the language quoted characterizes the Commissioners Court as one of limited powers. See Mills County v. Lampasas County, 90 Tex. Rep. 602; Bland

v. Orr, 90 Tex. Rep. 492; Anderson v. Ashe, 99 Tex. Rep. 477. See also Vernon's Ann. Tex. Const., Vol. 1, p. 415, note 6.

The judgment is affirmed.

*Affirmed.*