

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

March 22, 1939

Hon. C. J. Wilde
County Auditor, Nueces County
Corpus Christi, Texas

Dear Mr. Wilde:

Opinion No. 0-440
Re: Legality of spending county funds
for dredging a channel, located
within the city limits of an in-
corporated city, to be used by
fishermen

This will acknowledge receipt of your letter of
March 6, 1939, requesting an opinion from this Department,
the pertinent parts of which are quoted as follows:

"At a Commissioners' Court meeting of this
date, the City Commissioners approached the
County Commissioners for the sum of $1,000.00
to partially pay for the dredging of a channel
at the north end of town.

"The dredging of a channel became necessary
on the account of the Bay-front Improvement in
the City of Corpus Christi and said channel is to
be used by fishermen and shrimpers who heretofore
made their headquarters on a Municipal Pier owned
and operated by the City.

"The matter being placed before the writer
was answered with a statement that in the first
place the item was not in the Annual Budget and
in the second place that I did not feel it was
an expenditure that could be made from County
Funds. The reply to this was that if these fish-
ermen are not given this channel with which to
bring their boats into the land that they would
have no means of making a livelihood, and that
sooner or later they would be public charges and
would undoubtedly asked to be placed on the in-
digent roll.

"Please advise whether or not you believe
this expenditure is justified out of County Funds,
if so, from which fund do you believe the item
should be paid."

The County Commissioners' Court is provided for by Article 5, Section 18 of the Constitution of Texas, and has certain powers, express and implied, given it by that document and the Acts of the Legislature. It is a court of limited jurisdiction and has no authority except such as is expressly or impliedly given it. Ex parte Thomas, 2 S.W. (2d) 270. The Constitutional provision that the Commissioners' Court shall exercise such powers and jurisdiction over all "county business" as is conferred by the Constitution and laws of the State, suggests the question whether or not the expenditure proposed under the facts stated is "county business" within the meaning of that term as used in the Constitution. It is the opinion of this Department that dredging the channel as proposed in this instance is not "county business".

The counties bordering on the coast of the Gulf of Mexico have special authority granted them in Article 11, Section 6 of the Constitution, which was enacted into law by an Act of the Legislature passed at the First Called Session, 27th Legislature, 1901 ch. 12 p. 23, and amended by Acts of the 39th Legislature, Regular Session, 1925, Ch. 96 p. 270, Article 6830, R. C. S. 1925, as follows:

"The county commissioners' court of all counties, and the municipal authorities of all cities, bordering on the coast of the Gulf of Mexico, shall have the power and are authorized from time to time to establish, locate, erect, construct, extend, protect, strengthen, maintain, and keep in repair and otherwise improve any sea wall or breakwater, levees, dikes, floodways and drainways, and to improve, maintain and beautify any boulevard erected in connection with such sea wall or breakwater, levees, dikes, floodways and drainways, and to incur indebtedness therefor, the payment of which may be provided for either with or without the issuance of bonds. And said commissioners' courts and municipal authorities shall also have power and are hereby authorized to levy taxes not to exceed in any one year fifty cents on the one hundred dollars of taxable values of said county or city for the payment of said indebtedness, provided that when the taxes are levied as herein provided for, will not pay off said indebtedness within five years, then the payment of said indebtedness shall be provided for by the issuance of bonds as hereinafter provided."

It is conceivable that a channel located within the city limits of an incorporated city might be a floodway or

drainway within the contemplation of the foregoing article, but in the instant case, where the admitted and express purpose of dredging the channel is to provide a place for fisherman and shrimpers to operate, who formerly made their headquarters on a municipal pier owned and operated by the City of Corpus Christi, the channel is not such a floodway or drainway as contemplated in said article and county moneys cannot legally be spent for its dredging.

If the aforesaid article is not authority for the expenditure contemplated, the question arises whether or not tax moneys raised under the provisions of Article 8, section 9 of the Constitution can be spent for the purposes set out in your statement of the facts. The pertinent provisions of Article 8, section 9 of the Constitution are as follows:

"* * *No county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment September 2th, 1883; and for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; * * *"

Although your letter does not state what fund it was proposed that the bill for dredging be paid from, it could not be paid from any of the three funds provided for in the above article and section of the Constitution.

It is elementary that money realized from taxes cannot be spent except for the express or necessarily implied purpose or purposes for which it was raised. Carroll v. Williams, 109 Tex. 155, 202 S.W. 504. Since the dredging of a channel within the city limits of an incorporated city for the purposes stated by you does not come within the purposes for which the taxes were levied, the expenditure for same cannot be legally made. It would be a grant of public money in violation of Article 3, Section 51 of the Constitution of Texas.

A letter opinion, dated September 12, 1934, addressed to O. C. Fisher, County Attorney of Tom Green County, covers a somewhat similar question and the writer of that opinion reached the same conclusion.

In view of the fact that it is the opinion of this Department that county funds cannot be legally spent for paying part of the costs of dredging a channel located within the city limits of an incorporated city, which channel is to be built for the use of fishermen and shrimpers, we do not deem it necessary to discuss the necessity of having such an item included in the annual budget of the county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/James Noel
James Noel
Assistant

JN:BT:wc

APPROVED:
S/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS