

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

September 21, 1948

Hon. J. G. Knight
County Attorney
Bee County
Beeville, Texas

Opinion No. V-686

Re: Authority of the Coun-
ty Judge or Commission-
ers' Court to remit a
fine paid upon being
adjudged guilty of a
misdemeanor.

Dear Sir:

Your request for our opinion on the above sub-
ject matter is, in part, as follows:

"On August 17, 1948, a defendant was
adjudged guilty of a misdemeanor offense
by the County Court of Bee County, and was
assessed a fine of $100.00 and costs. No
notice of appeal was given and no motion
for new trial was made. The fine and costs
were paid by the defendant on August 17,
1948. Today he seeks the remission of the
fine. . .

"The opinion of your office relative
to the authority of the County Judge or
the Commissioners Court to remit the fine
in question is requested."

In the case of Hiram Luckey v. The State, 14
Tex. 400, it was held that the District Court did not
have the power to remit any part of the fine or costs
in a criminal case. We quote the following:

"It was very properly so ordered by
the court in this case, and there is no
error in the judgment of which the appel-
lant can complain. But the court had no
authority to remit any part of the fine
and costs, and of this the State very
justly complains. After conviction and
assessment of the fine by the jury the
court has no power to remit the punish-

ment imposed. That is the exercise of the pardoning power which appertains exclusively to the Executive. Neither has the court the power to remit costs. Those are matters of private right which neither the court nor any one else on behalf of the State can release without the consent of those to whom they are due. The statute, though its meaning is not very clearly expressed, was evidently intended to empower the court to fix such a limit to the term of imprisonment as the court, in its discretion, might deem proper upon satisfactory proof of the inability of the party to pay the fine and costs, but not to empower the court to remit any portion of either the fine or costs. (Hart. Dig. art. 401, Dixon v. The State, 2 Tex. R., 481.) The court therefore erred in its judgment remitting a portion of the fine and costs, . . . .

It was further held in ex parte Thomas, 108 Tex. Crim.Rep. 653, 2 S.W.(2d) 270, that the Commissioners' Court did not have the power to remit fines. We quote the following:

". . . the legal question involved is whether the order remitting the fine was within the jurisdiction of the commissioners' court.

"In article 4, Sec. 11 of the Constitution of Texas, the pardoning power is vested in the Governor in the following terms:

"'In all criminal cases, except treason and impeachment, he shall have power after conviction, to grant reprieves, commutations of punishment and pardons, and under such rules as the Legislature may prescribe, he shall have power to remit fines and forfeitures.'

"Based on the constitutional provision mentioned, the Legislature declared in article 952, Code Cr. Proc. 1925, that the Governor may remit fines. So far as we are

aware, the power to relieve one convicted of a penal offense of a fine assessed against him is vested alone in the Governor. This view is emphasized by the precedents in this state. See Snodgrass v. State, 67 Tex. Cr. R. 615, 150 S.W. 162, 41 L.R.A. (N.S.) 1144; Ex parte Rice, 72 Tex. Cr. R. 587, 162 S.W. 891."

In view of the foregoing it is our opinion that neither the County Judge nor the Commissioners' Court has the power or authority to remit a fine paid by a defendant after conviction in a misdemeanor case.

### SUMMARY

Neither the County Judge nor the Commissioners' Court has the power to remit a fine paid by a defendant after conviction in a misdemeanor case. Hiram Luckey v. The State, 14 Tex. 400, Ex parte Thomas, 2 S.W. (2d) 270.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:mw

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL