

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 10, 1962

Honorable Ward W. Markley
County Attorney
Jasper, Texas

Opinion No. WW-1436

Re: Questions relative to the
construction of Article
5118a, V.C.S.

Dear Mr. Markley:

You have requested the opinion of the Attorney General concerning the construction of Article 5118a, V.C.S., by asking the following questions.

1. Can the Sheriff permit a prisoner to leave a jail to attend a Church service and then return to the jail without a guard?

2. Can the Sheriff permit a prisoner the privilege to go home at night and return the following morning?

3. Can the Sheriff permit a prisoner to go home and sit up with a sick member of his family and return the next day?

4. Can the Sheriff permit a prisoner to work upon County property without a guard?

5. Can the Sheriff permit a prisoner to drive his private automobile, sending him on errands without guard?

6. Can the Sheriff permit a prisoner who has been committed to jail to go to a store and buy cigarettes and return to the jail without a guard?

Article 5118a, Vernon's Civil Statutes, provides in part the following:

"In order to encourage county jail discipline a distinction may be made in the term of prisoners so as to extend to all such as are orderly, industrious and obedient, comforts and privileges according to their deserts; the reward to be bestowed on prisoners for good conduct shall consist of such relaxation of strict county jail rules, and extension

of social privileges as may be consistent with proper discipline." (underscoring ours)

Article 787, Vernon's Code Criminal Procedure, provides in part:

"When a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged as provided by law . . . "

Article 319, Vernon's Penal Code, provides:

"Any officer, jailer, or guard having the legal custody of a person accused or convicted of a misdemeanor who wilfully permits such person to escape or to be rescued shall be fined not exceeding one thousand dollars."

Article 42, Vernon's Code Criminal Procedure, provides:

"When a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff. It is a violation of duty on the part of any sheriff to permit a defendant so committed to remain out of jail, except that he may, when a defendant is committed for want of bail, or when he arrests in a bailable case, give the person arrested a reasonable time to procure bail; but, he shall so guard the accused as to prevent escape."

Article 5116, Vernon's Civil Statutes, provides in part as follows:

"Each sheriff is the keeper of the jail of his county. He shall safety keep therein all prisoners committed thereto by lawful authority, subject to the order of the proper court, and shall be responsible for the safe keeping of such prisoners." (Emphasis added)

The courts have consistently held that prisoners must remain in jail until they have been lawfully discharged. See Ex Parte Wyatt, 16 S.W. 301, 29 Tex. App. 398 (1891), wherein the court held:

"It is manifest from these provisions of our law, that, whenever a party is committed to jail by order of the court, it means imprisonment in the jail; and no other kind of custody, whether

agreed to by the sheriff or not, will answer or discharge such punishment.  The sheriff has no right, no matter what his motives, whether of humanity or not, to commute or alter this punishment, and any act of his doing so is a violation of his duty, and absolutely void . . . .  Until he has served the allotted time in jail, he has not complied with the judgment, nor has he discharged it; it cannot be otherwise discharged . . . .  The agreement of the sheriff to permit him to go at large being absolutely void, the law for such time will treat him as a prisoner at large, without authority, in other words, as an escaped prisoner."

In Dufek v. Harrison County, 289 S.W. 741 (1926), the court held that it was the sheriff's duty to hold the prisoner in jail until he was lawfully ordered to discharge him, unless the prisoner in the meantime furnished a bail bond as required by law. This court quoted Luckey v. State, 14 Tex. 400 (1855) which held:

"The imprisonment, authorized by the Statute, is an actual imprisonment, within the four walls of the jail; and where the Sheriff permits a convict committed to his custody to go at large, he is liable for an escape."

The Supreme Court of North Carolina in Sutton v. Williams, 155 S.E. 160 (1930), held that the sheriff and jailor, by allowing a prisoner to drive an automobile on their errands or for other purposes, permitted an escape; and the fact that the prisoner was a trusty was no justification.

"Escape" has been defined by the courts as that which takes place when the prisoner gets out of prison or any place in which he may be confined, or from and out of the authority in whose custody he is, and unlawfully regains his liberty, freed from the authority and control of the power entitled to restrain him. Carter v. State, 14 S.W. 350, 29 Tex. App. 5 (1890); Safron v. David McBurney and Son, 112 A. 675 (1921).

The caption of H.B. 290, 54 Leg.R.S., 1955, Ch. 461, P. 1182, which is now Article 5118a, V.C.S., is worded in part thusly:

"An Act to encourage discipline in county jails; authorizing a system of reward for good jailee conduct; . . . "

Based upon the above statutes and cases, it is the opinion of this office that the only interpretation of the quoted part of Article 5118a, V.C.S., that is consistent with a practical analysis of the statutes and existing cases cited herein is one that

Honorable Ward W. Markley, page 4   (WW-1436)

limits the relaxation of discipline set out in Article 5118a to the internal affairs of a county jail. There is nothing in Article 5118a, V.C.S., that indicates that the sheriff is authorized to let a prisoner out of jail prior to the expiration or commutation of his sentence. Its only application is to prisoners within the four walls of the county jail and does not extend outside of the county jail.

Article 794, Vernon's Code Criminal Procedure, provides in part:

> "Where the punishment assessed in a conviction for misdemeanor is confinement in jail for more than one day, or where in such conviction the punishment is assessed only at a pecuniary fine and the party so convicted is unable to pay the fine and costs adjudged against him, those so convicted shall be required to do manual labor in accordance with the provisions of this article under the following rules and regulations . . .

> "4. Those so convicted shall be so guarded while at work as to prevent escape.

> "5. They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm . . . . "

Article 5116, makes the sheriff the keeper of the jail and provides that he shall safely keep "therein" all prisoners committed thereto by lawful authority subject to the order of the proper court. Article 5118a merely allows the sheriff to relax discipline within the jail under the conditions set out therein. Article 794 allows prisoners to be used as manual labor on certain public works only when properly guarded. This is the only exception allowing a prisoner to perform work outside the jail. We therefore hold in answer to your questions that, unless guarded, prisoners must remain within the jail at all times, unless a court order permits otherwise. Ex Parte Moneyhun, 274 S.W.2d 546 (Tex. Crim. 1955); Ex Parte Griffin, 258 S.W.2d 324 (Tex. Crim. 1953); Ex Parte Morgan, 262 S.W.2d 728 (Tex. Crim. 1953).

## S U M M A R Y

Unless guarded, prisoners must remain within the jail at all times, unless a court order permits otherwise. Article 5118a, V.C.S., merely allows the sheriff to relax discipline within the jail

Honorable Ward W. Markley, page 5  (WW-1436)

under the conditions set out therein.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Charles R. Lind*
Charles R. Lind
Assistant Attorney General

CRL:sm

APPROVED:
OPINION COMMITTEE:

W. V. Geppert, Chairman
Elmer McVey
Dudley McCalla
Sam Wilson
Frank Booth

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore