## BUTLER ET ALS. v. FOSTER, TREASURER OF MONROE.

1. A judicial officer, clothed with the power to admit to bail, persons charged with criminal offences, cannot delegate the power to another.

2. A judicial officer, authorized to receive bail for the appearance of persons charged with criminal offences, cannot receive from the accused, a sum of money in *lieu* of, or as substitute for bail; and if so paid in, neither the State, or the county, has any claim to it.

DEBT by the defendant in error, against the plaintiff in error, and his sureties, on his official bond, as late clerk of the circuit court of Monroe county.

Upon the trial, a record of the circuit court of Monroe county was offered in evidence, of the cause of the State of Alabama v. Zachariah McAlister, from which it appeared, that McAlister was charged with stealing a slave, and an order was made that he be discharged from custody, on his entering into recognizance with good and sufficient surety, &c. before the clerk of the circuit court, or upon his depositing with the clerk of the circuit court the sum of $500, and entering into recognizance in the sum of $1,000 without surety, &c. The plaintiff further proved the payment of the money, and the discharge of McAlister. To the introduction of this testimony, the defendants objected, but the court overruled it, and admitted the evidence, to which the defendants excepted, and which they now assign as error.

BLOUNT and J. D. F. WILLIAMS, for plaintiffs in error.

1. Upon the whole record, the court should have entered judgment for the defendants.   14 Viner's Ab. 586; Dyer, 119, b. Pl. 6.   The judge of the circuit court of *Clarke* county had no authority to order the clerk of the circuit court of *Monroe* county to take the recognizance of McAlister and receive money as bail in vacation for his appearance at the next term of the circuit court of Clarke county.   Clay's Dig. 294, § 29; 288, § 2.   The order was *coram non judice,* and absolutely void.   Clay's Dig. 461, § 5, 6.   And sheriffs can take recognizances in cases of misdemeanor only.   Ibid. This was a felony.   Clay's Dig. § 18; 439, § 8.

2. The clerk of Monroe circuit court was not authorized by law to receive the money of McAlister, or to take his recognizance, in vacation, for his appearance at the next term of the circuit court of Clarke county.   His receipt of the money under the order—the order being void—and the clerk having no authority to receive it, makes him the bailee of McAlister, who is alone entitled to demand it.   Clay's Dig. 218, § 83; 146, § 21; 461, § 5, 6; Currie v. Thomas, 8 Por. Rep. 293.

3. The receipt of the money by the clerk in vacation, being wholly unauthorized by law, he *is* a mere individual, or common bailee; and even in an action by McAlister, his securities would not be chargeable.   Receiving the money under the circumstances disclosed in the record, without the authority of law, and being no part of his official duty as clerk, it is not within the condition of the bond, and his securities are not liable.

4. Admitting the authority of the court to make the order to the clerk of Monroe county in vacation, still the plaintiff cannot recover, because—1. There was no judgment or order of the court, condemning the money in his hands as a forfeiture to Monroe county.   Clay's Dig. 294, § 29.

2. Because the county of Clarke was entitled to the fines and forfeitures accruing in the cause, it being then pending in the circuit court of Clarke county.   Ib. 296, § 37.

3. Because the action, if it could be sustained at all, should have been brought in the name of the treasurer of Clarke county.   Clay's Dig. 296, § 37.

4. There was no judgment of the circuit court of Clarke

condemning the monies in Butler's hands as a forfeiture, and until this was done, no action could be maintained by the treasurer of Clarke county.

COOPER, contra, insisted—

1. That no demand was necessary. It was not necessary, upon the general rule applicable to bailor and bailee. See Lilly v. Hoyt, 5 Hill, 396; Sally v. Capps, 1 Ala. 121; Gov. v. Stonum, 11 Ib. 679. The statutes have a bearing upon this question. See Clay's Dig. 146, § 20-1-2, 248, and 249, making it the duty of the clerk to report and pay over.

2. That Butler is liable for the $500, received of McAlister. 1. The court had jurisdiction over the subject matter. 2. Having jurisdiction the order is for Butler to recover. 3. Butler received the money under the order, and as clerk. 4. The county of Clarke could not recover this money, it never was estreated in that county.

DARGAN, J.—The laws of this State do not permit the circuit judges to clothe the clerks of the circuit courts with authority to admit to bail, in vacation, those who may be imprisoned for alledged crimes; for a judicial officer cannot delegate to another the powers and authority by law intrusted to him. Although the circuit judge could himself have admitted McAlister to bail, he could not authorize the clerk of the circuit court of Monroe to do it. The order that was made at the fall term of the circuit court of Clarke county, authorizing the clerk of the circuit court of Monroe to admit McAlister to bail, on the conditions recited therein, was null and void, and gave the clerk no authority to take the recognizance, or to receive from McAlister the $500, which was one of the conditions upon which he was to be admitted to bail.

The nature of bail, is, that the accused is delivered from the custody of law, into the custody of his bail, who become sponsors for his appearance, to answer the charge for which he was arrested, and although the circuit judges, justices of the peace, sheriffs, and other officers, in the various instances prescribed by law, are authorized to admit to bail, taking

bond or recognizances for the appearance of the accused, yet no statute permits any, or either of these officers to receive from the accused a deposit of money, in lieu of bail, or to order him to pay a sum of money into court, as a substitute for bail; and as the circuit court had no authority to make the order, by which the circuit clerk of Monroe received the sum of $500 from McAlister, the money was not received by the clerk in the discharge of any official duty prescribed by law, and consequently neither he nor his securities are liable to the treasurer of Monroe county for it. The money was paid by McAlister to the clerk, under an order that was void, it still belongs to McAlister, and has not become the property of the State, nor of the county of Monroe. The circuit court therefore erred in permitting the record to go to the jury as evidence to charge the clerk and his sureties with this sum.

As this view is decisive of the cause, at least to the extent of the $500 paid by McAlister to the clerk, it is unnecessary to examine the other questions raised by the assignment of errors.

Let the judgment be reversed and the cause remanded.