## W. O. APPELGATE v. R. M. YOUNG.

### No. 11,653.*   (61 Pac. 402.)

BOND FOR APPEARANCE—*Deposit of Money Insufficient.* Upon the postponement of a trial for misdemeanor, a justice of the peace may release the defendant from custody upon the execution of a sufficient recognizance for his appearance for trial at the appointed time, but the justice has no authority to accept a deposit of money in lieu of bail or as a substitute for a recognizance. Money so taken remains the property of the defendant and may be recovered by him.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-ELROY, judges. Opinion filed June 9, 1900. Reversed.

*For opinion by the court of appeals, see 9 Kan. App. 493, 58 Pac. 1000.—REP.

.Appelgate v. Young.·

*Joseph A. Gill*, and *Garver & Larimer*, for plaintiff in error.

*W. S. Willcoxson*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. :  This was an action to recover money deposited with a justice of the peace to obtain the release of the defendant who was prosecuted for a misdemeanor.   On a warrant charging a violation of the prohibitory liquor law, W. O. Appelgate was arrested and taken before R. M. Young, a justice of the peace of Thomas county.   Upon application of Appelgate the justice continued the case and required him to enter into a recognizance in the sum of $200 for his appearance.   This was furnished, but, the surety· not being satisfactory, Appelgate deposited $200 with the justice and the recognizance was then approved. Subsequently another continuance was granted and a like recognizance was required of Appelgate, and, the $200 being still in the possession of the justice, the recognizance then tendered was also approved.   At the appointed time for the trial Appelgate failed to appear and the recognizance which he gave was forfeited, but nothing was said about the forfeiture of the money which was in the hands of the justice.   Afterward Appelgate returned for the alleged purpose of appearing before the justice and was again taken into custody.   When he went before the justice he asked for the return of the $200 deposit, but his motion was denied.   After a change of venue he was tried for the offense charged against him and was acquitted.   When the change of venue was taken from Young he did not transmit the money deposited with him to the justice before whom the case was tried, nor was there any

order or declaration that it had been forfeited. Appelgate demanded from Young the return of the money, and the demand being refused, the present proceeding was brought to recover it.

The question of the authority of the justice to take the deposit as a security for the appearance of the defendant and to withhold the same upon demand was raised upon the pleadings, and the district court ruled that no such authority existed; that the money remained the property of Appelgate, and gave him judgment for the amount of the deposit. How may a defendant charged with a misdemeanor, and whose trial is postponed, obtain a release from custody? In section 5 of the code of procedure before justices of the peace in misdemeanors (Gen. Stat. 1897, ch. 104, § 6; Gen. Stat. 1899, § 5618), express provision is made that a recognizance with sufficient security shall be taken conditioned that the defendant shall appear for trial at the time and place appointed. The security mentioned in this provision clearly refers to the person or persons signing the recognizance, and does not include security collateral to the recognizance. No mention is made in any of the provisions of the act that money or property may be deposited supplemental to a recognizance or in lieu of bail. A release from custody by means of a recognizance having been expressly provided for in the procedure before justices in misdemeanors, that method must be followed, and the justice cannot, in the absence of statutory authority, accept money in lieu of bail or as a substitute for a recognizance. As tending to sustain this view, see *The State v. Lane*, 11 Kan. 458; *McCartney v. Wilson*, 17 id. 294; *Beckwith v. K. C. & O. Rld. Co.*, 28 id. 484; *Reinhard v. City*, 49 Ohio St. 257, 31 N. E. 35; *Butler et al. v. Foster*, 14 Ala. 323; *United States v. Faw*,

1 Cranch, C. C. 486; *Eagan v. Stevens*, 39 Hun, 311. Section 145 of the criminal code (Gen. Stat. 1897, ch. 102, § 144; Gen. Stat. 1899, § 5395) does provide that the defendant may deposit money in lieu of bail with the clerk of the court, and thus obtain a release from custody, and the contention is that this provision is made applicable to misdemeanors before a justice by section 20 of the justices' code (Gen. Stat. 1897, ch. 104, § 18; Gen. Stat. 1899, § 5633). It provides:

"All proceedings, including the mode of procuring and the grounds for a change of venue, upon the trial of misdemeanors before a justice of the peace, shall be governed by the provisions of the code of criminal procedure, so far as the same are in their nature applicable, and in respect to which no provision is made by statute."

If no provision had been made in the procedure before justices in misdemeanors for a release of the defendant from custody when the case was continued, section 145 of the criminal code would certainly have been applicable, and a discharge from custody might have been obtained by means of a money deposit. The justices' code, however, having specifically provided for a release from custody in cases of misdemeanor, there is neither necessity nor right to invoke or apply the provisions of the other code. It is true, as the defendant below contends, that the justices' code does not provide for a deposit of money in lieu of a recognizance or bail, but it does provide a particular method for obtaining a release from custody in such cases; and the court is not warranted in adding other methods than those definitely prescribed by the legislature. We cannot look to the code of criminal procedure except in proceedings "in respect to which no provision is made by statute." (*The State,*

*ex rel., v. Brayman*, 35 Kan. 714, 12 Pac. 111.) In *Toles v. Adee et al.*, 84 N. Y. 222, it was said "that public policy requires that officers armed with bailable process for the arrest of defendants, should, in taking bonds or other security for their enlargement, be held to a strict compliance with statutory requirements, neither accepting less nor demanding more than the law prescribes." Having taken and retained the money without authority, it must be treated as the property of Appelgate, and therefore he was entitled to recover the same.

The judgment of the court of appeals will be reversed, and the judgment of the district court will be affirmed.