JENNIE S. SNYDER V. HERMAN GROSS ET AL.

FILED JUNE 3, 1903.   No. 12,869.

Justice of the Peace: ACTION ON BOND. A justice of the peace has no
    authority to accept money in lieu of the bail required by section
    298 of the criminal code; and in case he does so, his bondsmen are
    not liable for his failure to properly account for the same.

ERROR to the district court for Saline county: GEORGE
W. STUBBS, DISTRICT JUDGE. *Affirmed.*

*A. S. Sands,* for plaintiff in error.

*George H. Hastings* and *C. H. Denney, contra.*

DUFFIE, C.

In 1900, Daniel H. Walker was a duly elected and
qualified justice of the peace in and for Saline county, Ne-
braska. The defendants in error are his bondsmen. In
March, 1900, John S. Snyder, the husband of the plaintiff,
was arrested on a warrant issued by justice Walker on a
complaint charging a criminal offense. The case was
continued for ten days and the defendant required to
furnish a bond in the sum of $130. This he was unable to
do. His wife, the plaintiff in error, with the consent of the
justice, deposited $130 in cash in lieu of a bond, and
Snyder was released. On the day following the continu-
ance Snyder appeared before justice Walker, pleaded
guilty to the charge on which he was arrested, and was
fined; $13.15 of the money deposited by Mrs. Walker was
used by the justice in the payment of costs taxed in the
case; $50 was paid to one Van Auken, the complaining
witness, with the consent and on the direction of John S.
Snyder, and the remainder of the money was paid over to
said Snyder. After this disposition was made of the
money, Mrs. Snyder demanded the return of the full
amount deposited by her, and, being refused, brought this
action to recover the same against Walker and his bonds-

men.  Judgment went against Walker, the justice, for the amount of the deposit, but under a peremptory instruction from the court the jury returned a verdict for the sureties on his official bond.  Mrs. Snyder has brought error to this court, claiming that Walker received this money in his official capacity and that his bondsmen are liable therefor; the argument being that by his appearance to answer to the charge he had fulfilled the conditions upon which the deposit was made and that Mrs. Snyder is entitled to a return of the money.

Section 298 of the criminal code provides:

"When it shall become necessary to adjourn any trial according to the provisions of the preceding section, the person accused may enter into a recognizance before the magistrate, with good and sufficient security to be approved by the magistrate, in such amount as he shall deem reasonable, conditioned for the appearance of such person before such magistrate, at a place, day and hour in said recognizance specified."

Plaintiff in error earnestly insists that the wording of this section contemplates a deposit of money by the defendant or some one for him, or at least allows that to be done, as well as taking his recognizance with sureties; that "security" means a deposit of money or any other guarantee which satisfies the justice that the defendant will be produced before him.  The law is well settled that a magistrate or officer has no authority to accept a deposit of money in lieu of bail in the absence of a statute conferring such right upon him.  *Appelgate v. Young,* 62 Kan. 100, 61 Pac. 402; *United States v. Faw,* 1 Cranch (U. S. C. C.), 486; *Reinhard v. City,* 49 Ohio St. 257; *City of Columbus v. Dunnick,* 41 Ohio St. 602; *Butler v. Foster,* 14 Ala. 323; *Smart v. Cason,* 50 Ill. 195.

In *Applegate v. Young, supra,* a deposit of money was made instead of bail under a statute similar to our own.  It is section 6, article 2, chapter 104 of the code of Kansas, pertaining to misdemeanors before justices, and is as follows:

"Upon good cause shown the justice may postpone the trial of any cause to a day certain, in which case he shall require the defendant to enter into a recognizance with sufficient security, conditioned that he will appear before the justice at the time and place appointed, then and there to answer the complaint alleged against him."

It will be noticed that this statute, like our own, uses the word "security" instead of "surety," but it was held that the statute contemplated a recognizance signed by duly qualified sureties and that a deposit of money instead of the usual bail was not authorized. Justice Walker had no authority under our statute to accept money instead of bail, and having received money from Mrs. Snyder it was upon an implied contract to return it on demand. The judgment against him for its return was therefore proper, but not being authorized to receive it, it was not received in his official capacity and his bondsmen are not liable for his failure to repay it to Mrs. Snyder. The judgment of the district court was right and we recommend its affirmance.

POUND and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.