## J. A. BRASFIELD *v.* MAYOR AND ALDERMAN OF TOWN OF MILAN.

### '(*Jackson.*   April Term, 1913.)

1. **BAIL.   Deposit of money in lieu of bail must be authorized by statute.**

   Unless expressly authorized by statute,. no judicial officer or other, official, empowered to admit to bail persons accused of crime, has a right to accept a deposit of money in lieu of bail, or as a. substitute for a recognizance.   (*Post, p.* 564.)

   Cases cited and approved:   Snyder v. Gross, 69 Neb., 340; Butler, v. Foster, 14 Ala., 323; Applegate v. Young, 62 Kan., 100; Columbus v. Dunnick, 41 Ohio St., 602; Eagan v. Stevens, 39 Hun (.. J. Y.), 311.

2. **SAME.   Deposit of money in lieu of bail, when not authorized by charter or ordinance, is void, and money may be recovered by depositor.**

   Reserving the question whether, under the charter of the town of Milan, providing for the arrest of persons violating ordinances, and the taking of bonds for their appearance, it was permissible for the city authorities (the legislative council) to enact an ordinance authorizing the acceptance of deposits of money in lieu of bail bonds, it is decided that, where there was no such ordinance, the city marshal had no authority to accept a deposit of money in lieu of a bail bond, and that a forfeiture of such deposit by the city authorities, upon the ground of the non-appearance of the accused, was void, and conferred upon the city no title to the money.   (*Post, pp.* 562-564.)

   Cases cited and approved:   Applegate v. Young, 62 Kan., 100; Eagan v. Stevens, 39 Hun (N. Y.), 311; Snyder v. Gross, 69 Neb., 340.

Brasfield v. Milan.

3. SAME. Unauthorized deposit of money in lieu of bail bond may be recovered by depositor, though a third person.

Where a city marshal, without authority of law, accepted a deposit of money in lieu of bail bond from the brother of a person arrested upon the charge of violating a municipal ordinance, and the city authorities, without any justification in law, caused such deposit to be declared forfeited for the nonappearance of the accused, the money so deposited may be recovered by the brother depositing the same, where the money was his; for the money so deposited is not conclusively presumed to be that of the accused. (*Post, pp.* 564, 565.)

Code cited and construed: Secs. 7131-7135 (S.); secs. 5997-6001 (M. & V.); secs. 5167-5171 (T. & S. and 1858).

Case cited, approved, and distinguished: State v. Ross, 100 Tenn., 303.

---

FROM GIBSON.

---

Appeal from the Chancery Court of Gibson County to the Court of Civil Appeals, and by writ of *certiorari* from the Court of Civil Appeals to the Supreme Court. —C. P. McKINNEY, Chancellor.

THOS. J. WALSH and ED H. SMITH, for complainant.

J. P. RHODES, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

The complainant in this case deposited $250 with the city marshal of the town of Milan in lieu of a bail bond to secure the appearance of his brother, J. L. Brasfield,

before the mayor of said town to answer a charge of violating a city ordinance for the breach of which he had been arrested.

J. L. Brasfield failed to appear for trial, and by certain proceedings had before the mayor, the deposit of $250 made by the complainant, as before stated, was declared forfeited to the town of Milan.

This bill was filed by complainant, J. A. Brasfield, for the recovery of said sum so deposited by him. The city answered, interposing various defenses, and upon the hearing complainant's bill was dismissed by the chancellor. The court of civil appeals reversed the chancellor's action and rendered a decree in favor of complainant, and the city filed a petition for *certiorari* to have the decree of the court of civil appeals reviewed here.

Milan is a town duly incorporated by act of the legislature, and among other provisions contained in its charter, defining the powers of the mayor and aldermen, there is the following:

Section 2, providing for "the arrest, taking bond for appearance and confinement in the city jail until trial of all persons violating any ordinance of the town."

There is no ordinance of the city authorizing any of its officers to accept a deposit of money in lieu of bond. Whether under this charter provision just quoted it would be permissible for the city authorities to enact an ordinance of this description we need not determine. Certain it is no such ordinance has been enacted. There is no provision, either in the charter or city ordinances,

authorizing any official of Milan to accept a deposit of money in the place of bond for the appearance of persons violating a municipal law.

Unless expressly so authorized by statute, no judicial officer or other official empowered to admit to bail persons accused of crime has a right to accept a deposit of money in lieu of bail, or as a substitute for a recognizance. To this effect are all the cases. *Snyder* v. *Gross,* 69 Neb., 340, 95 N. W., 636, 5 Ann. Cas., 152; *Butler* v. *Foster,* 14 Ala., 323; *Applegate* v. *Young,* 62 Kan., 100, 61 Pac. 402; *Columbus* v. *Dunnick,* 41 Ohio St., 602; *Eagan* v. *Stevens,* 39 Hun (N. Y.), 311; (see note to *Snyder* v. *Gross,* 5 Ann. Cas., 152.)

Inasmuch as the city marshal of Milan was without any authority to accept this deposit of money from the complainant, the money remained the property of complainant, although it was declared forfeited.

The acceptance of the money and the subsequent proceedings of the municipal authorities with reference thereto were without any justification in law, were beyond the power of such authorities, and conferred no title to this money upon the city. The city could acquire no valid claim to the money by such proceedings. Therefore the money so deposited by complainant may be recovered by him in this suit. To this effect is the clear weight of authority. *Applegate* v. *Young,* supra; *Eagan* v. *Stevens,* supra; *Butler* v. *Foster,* supra; and *Snyder* v. *Gross,* supra.

It is insisted, however, on behalf of the town of Milan that no recovery could be had in this case except by

Brasfield v. Milan.

J. L. Brasfield, the person arrested; that the money deposited for his bail is conclusively presumed to be his; and that the complainant is entitled to no recovery of said sum. For this proposition we are cited to *State* v. *Ross,* 100 Tenn., 303, 45 S. W., 673.

In that case there was a deposit of money made with the clerk of the criminal court of Davidson county in lieu of bail. This deposit, however, was made under the express authorization of Shannon's Code, secs. 7131-7135; and the court held that, although the deposit was made by the mother of the accused, the deposit must be returned to him under the provisions of section 7135, Shannon's Code, which in explicit language directs the payment of such funds "to the defendant."

The deposit referred to in *State* v. *Ross* was made and received under authority of law. The statutes referred to governed its receipt and likewise controlled its disposition.

In the present case the money was received without any authority of law, the town of Milan acquired no title to it. it is still the property of the complainant, and he is entitled to recover it.

The petition for writ of *certiorari* is denied.