PETER SAUSKELONIS *vs.* THE CITY OF NEW BRITAIN
ET AL.

First Judicial District, Hartford, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Granting bail and fixing its amount is a judicial or *quasi*-judicial function.
Under the provision of a city charter authorizing the chief or captain of police to accept cash as bail, after its amount should have been

fixed, a subordinate officer acting as captain may accept the prescribed amount of cash, but he has no power to allow bail and fix the amount, and if he attempts to do so the bail so given is void.

In the present case the plaintiff, who had been arrested in the evening for a misdemeanor, requested the sergeant of police, who was acting as captain, to fix bail for his appearance at the next session of the police court, and without objection voluntarily deposited with the sergeant in cash the $50 so fixed by him as bail. At the next session of the police court the accused did not appear, and the bail was duly declared forfeited by the court. Upon the following day the accused appeared in court and moved to open the forfeiture, upon the ground that he had justification for his nonappearance, but the court denied the motion. The money was paid over by the sergeant to the clerk of the court before the forfeiture, and thereafter was turned in by the clerk to the city. In a suit by the plaintiff to recover the $50, it was *held:*—

1. That the transaction in reference to fixing the bail was unauthorized and illegal, but inasmuch as the plaintiff voluntarily participated therein the law would leave him where he placed himself, and the courts would not aid him to recover the money which was the moving cause of his unlawful release.

2. That by voluntarily entering into the arrangement the plaintiff had waived whatever illegality existed in the fixing or taking of the bail, and could not now attack the validity of the proceeding undertaken at his own instance.

Argued January 12th—decided June 10th, 1915.

.ACTION in the nature of *assumpsit* for money had and received, brought before a justice of the peace and thence by the defendants' appeal to the Court of Common Pleas in Hartford County and tried to the court, *Smith, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Charles H. Mitchell,* for the appellant (plaintiff).

*John H. Kirkham,* for the appellees (defendants).

RORABACK, J. The defendant Herting, on February 9th, 1910, was a sergeant of police for the city of New Britain and the acting captain of police, in charge of the police station in the city and of the prisoners

confined therein at that time. The plaintiff was arrested by one Skelly, a policeman of the city, upon a warrant issued under a complaint charging the plaintiff with a breach of the peace. The arrest was made in the evening, when the Police Court was not in session, nor was the clerk or judge of the court present at the police station when Skelly brought the plaintiff to the station. Skelly returned the warrant to the drawer used by the clerk as a depositary for warrants and court papers.

The plaintiff applied to Herting to fix bail for his appearance in the Police Court, and Herting, as acting captain of police, fixed the bail at $50, and the plaintiff, without objection to the form of the bond or its amount, voluntarily deposited $50 in cash with Herting. This was a reasonable and sufficient bail. Thereupon Herting released the plaintiff. He failed to appear at the next session of the court, and the court directed the bail to be forfeited, which was done in open court. The next day the plaintiff appeared in court and moved that the court open the forfeiture on the ground that he had a justification for failing to appear, but the court denied the motion. Herting turned over the $50 to the clerk of the court before the bond was forfeited, and he, after the forfeiture, paid it over to the city of New Britain, in whose treasury it still is.

Upon the trial the plaintiff claimed that the so-called bond or bail was no bond or bail at all, since it was obtained under duress of imprisonment, and since the plaintiff had not been admitted to bail by the Police Court. The overruling of these claims is assigned as error.

The arrest of the plaintiff was lawful. He was properly confined in the police station, which was then in charge of Herting. Upon the plaintiff's request Herting fixed the bail and accepted a cash bail,

and the plaintiff voluntarily gave this. After the forfeiture of the bail the plaintiff voluntarily appeared in court and moved that the forfeiture be opened, not because the bail had been given under duress, nor because it had not been fixed or taken by competent authority, but because he had justification for failing to appear when the bond was forfeited.

Granting bail and fixing its amount is a judicial or *quasi*-judicial function. This may be done by the court having cognizance of the case or by other proper officer duly authorized by law. Bail taken by an unauthorized or disqualified person or officer is void. *Commonwealth v. Loveridge,* 11 Mass. 337, 338; *Commonwealth v. Otis,* 16 Mass. 198, 199. General Statutes, § 1489, provides that bail shall be taken by the court having cognizance of the offense, a judge or clerk of said court, or by a county commissioner. Section 111 of the charter of the city of New Britain, enacted in 1905, provided that "whenever any person shall be arrested charged with misdemeanor and bail shall have been fixed, it shall be lawful for the chief or captain of police to accept cash as bail." A sergeant, acting as captain of police, could, under this provision, accept cash bail, but he could only accept such cash bail where it had been fixed by proper authority. In 1909 a statute was enacted which provides that in all criminal cases in which cash bail is offered the cash bail shall be deposited with the justice of the peace, or clerk of the court having jurisdiction of the offense, and that the bond shall be executed and the cash received by either justice or clerk of court in lieu of the surety or sureties on the bond. Public Acts of 1909, Chap. 72, p. 1006. It does not appear of record that any bond was executed by the plaintiff or received by Herting. Upon this record the bail was not properly allowed and fixed, and Herting had no authority to accept the $50 as bail;

Sauskelonis *v.* New Britain.

and, further, had he had such authority he did not take a bond in conformity with the statute of 1909. The proceeding was without authority and there was no legal bond to forfeit.

But it does not follow that the plaintiff can recover the cash bail he deposited upon his own request in order to obtain his release from a just confinement upon a lawful arrest. The plaintiff requested the sergeant to do an unlawful act, to fix his bail and release him from confinement, when the sergeant was without authority to do either. The sergeant complied with the unlawful request and, in violation of law, released the plaintiff, and thereby obstructed justice. Both the plaintiff and the sergeant have participated in an illegal act. The law presumes the plaintiff knew that he was soliciting and engaged in an unlawful act. The giving of the cash bail was the moving consideration for the unlawful release. We are now asked to relieve the plaintiff from the effect of his unlawful act, which has contributed to the breach of the law in obstructing justice through the procuring of his release from a lawful confinement. The plaintiff was *in pari delicto* with the officer of the city. The law will leave him where he placed himself, and our courts will not aid him to recover the cash bail which was the moving cause of his illegal release. Three authorities have come to our notice from other jurisdictions which are substantially like the case at bar and uphold the application of the principle we invoke in this case. *Smart* v. *Carson*, 50 Ill. 195; *Cooper* v. *Rivers*, 95 Miss. 423; *State* v. *Reiss*, 12 La. Ann. 166. The same principle was enforced in an early case in our State which we regard as decisive of this. In *Merwin* v. *Huntington*, 2 Conn. 209, one who had been indicted for violating our embargo laws applied to the attorney for the State and offered to pay a sum of money, estimated to cover

the costs and expenses, if he would discontinue the prosecution, which, upon such payment, the attorney for the State did; and we held that the sum so paid could not be recovered. Speaking by Swift, C. J., we held that we were not called upon to decide whether the public prosecutor has a right to discontinue the prosecution on payment of costs, "for admitting it to be illegal for the defendant to receive a sum of money by way of costs, on the consideration of discontinuing a legal prosecution pending before a court of justice, then it was equally illegal for the plaintiff to apply to the defendant, and offer him a sum of money to do such act; for this was offering and giving him a bribe to do an unlawful act. In this view of the case, the parties are equally criminal; and there is no rule better settled than this, that where the parties are *in pari delicto potior est conditio defendentis.*" The rule is founded on a sound policy and the circumstances of this case furnish a striking example for its application.

There is another aspect of this case which leads to the same result. An accused may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court. *State* v. *Brockhaus*, 72 Conn. 109, 117, 43 Atl. 850. The plaintiff applied to Herting to fix bail for his appearance in the Police Court, and it was so fixed and he gave it without questioning the bond, or its amount, or the authority. What he did was done voluntarily. He must be presumed to have known the law and known that the taking of the cash bail in this manner was illegal. He must be presumed to have known that the bail given for his appearance would, upon his failure to appear, be forfeited. He thus obtained his release by consenting that, upon failure to appear, the obligation he had entered into should become absolute. Whatever illegality existed in the fixing or taking of the bail he

waived.　He agreed that forfeiture, by the proper authority, would follow his nonappearance.　He cannot now question the integrity of the proceedings undertaken at his own instance.　Moreover, when he moved to open the forfeiture he had his day in court to press the very claims he now makes; he then made no such claims.　*People* v. *Quigg*, 59 N. Y. 83, 89; *Commonwealth* v. *Gove*, 151 Mass. 392, 393, 24 N. E. 211.

There is no error.

In this opinion THAYER and WHEELER, Js., concurred. PRENTICE, C. J., and BEACH, J., concurred in the result, but dissented from so much of the opinion as holds that the bail was not properly allowed and fixed.