## MOSS v. SUMMIT COUNTY.

No. 3792.   Decided June 12, 1922.   (208 Pac. 507.)

1. INTOXICATING LIQUORS—JUSTICE NOT AUTHORIZED TO ACCEPT CASH
   DEPOSIT FROM DEFENDANT HAVING POSSESSION OF LIQUOR IN
   AUTOMOBILE AND PERMIT HIM TO RETAIN POSSESSION OF AUTO-
   MOBILE. A justice of the peace was not authorized to accept a
   cash deposit from person arrested for having possession of in-
   toxicating liquor in his automobile for production of the auto-
   mobile, and permit defendant to retain possession of the auto-
   mobile.

2. ESTOPPEL—DEFENDANT, WHO MAKES DEPOSIT TO RETAIN AUTO-
   MOBILE, AND RECEIVES DIFFERENCE BETWEEN DEPOSIT AND FINE,
   ESTOPPED FROM RECOVERING AMOUNT RETAINED BECAUSE OF ILLE-
   GALITY OF THE AGREEMENT. Where defendant, arrested for hav-
   ing possession of liquor in his automobile, made a cash deposit
   with a justice of the peace for production of the automobile, so
   as to be permitted to retain possession thereof, and the justice
   of the peace on defendant's plea of guilty imposed a fine of a
   certain amount, and deducted amount of fine from the deposit,
   and returned balance to defendant, and where defendant there-
   after sold the automobile, the defendant was estopped from re-
   covering the amount so retained on the ground of the illegality
   of the agreement with justice of the peace.

3. ESTOPPEL—ONE WHO HAS GIVEN REDELIVERY BOND OR MADE DE-
   POSIT IS ESTOPPED FROM QUESTIONING THE LEGALITY OF THE PRO-
   CEEDING. Where a party to a civil action, or one whose prop-

erty was taken in such action, makes agreement with the officer having the property to give a redelivery bond, or makes a cash deposit in lieu of such a bond, and his property is released and returned to him, he cannot thereafter question the legality of the transaction relating to the giving of the bond or the making of the deposit, being estopped from so doing, though the transaction is not in conformity with the statute, but he may, in a proper proceeding, litigate the officer's right to hold the property and question the legality of the proceeding in which the property was taken.

Appeal from District Court, Third District, Summit County; *W. M. McCrea*, Judge.

Action by M. J. Moss against Summit County. From an adverse judgment, the plaintiff appeals.

AFFIRMED.

*J. J. Whitaker* and *Parley P. Jenson*, both of Salt Lake City, for appellant.

*J. E. Johnson*, of Provo, and *E. A. Rogers*, of Salt Lake City, for respondent.

FRICK, J.

The plaintiff seeks to recover judgment against Summit county for the sum of $500, which, in his complaint, he alleges that said county "converted to its own use." It is not necessary to set forth the allegations of the complaint, except to state that the $500 aforesaid constituted a cash deposit which was made by the plaintiff upon condition that he might retain possession of his automobile which was taken into custody by the sheriff of said county at the time of plaintiff's arrest for knowingly and unlawfully having intoxicating liquors in his possession contrary to the provisions of our prohibition act, and which he was transporting in said automobile. The county answered the complaint, setting forth

the facts substantially as they are found to be by the district court as hereinafter set forth.

The case was tried to the court without a jury. Omitting all formal allegations and all matters of inducement, the court found as follows:

That on May 20, 1919, a complaint in writing was duly filed by the county attorney of Summit county with a justice of the peace charging the plaintiff herein with the crime of knowingly and unlawfully having in his possession intoxicating liquors; that plaintiff was arrested upon said charge by the sheriff of said county, and brought before said justice of the peace; "that thereupon, by agreement between plaintiff, M. J. Moss, and the said justice of the peace, the sum of $500 was fixed as bail for the appearance of said automobile for trial at such time as the court should fix, and that thereupon this plaintiff deposited the sum of $1,000 cash as bail for the appearance of himself and his said automobile, and said Moss [plaintiff] was thereupon released from custody and was permitted to and did take his said automobile;" that the plaintiff was fined by said justice of the peace on said charge in the sum of $299, which sum the justice deducted from the money deposited for his personal appearance as aforesaid, and returned to the plaintiff the sum of $201; that thereafter, on June 20, 1919, the justice paid to the county treasurer of said county the remainder of the money deposited with him, to wit, the sum of $500, and said money is now retained by said county; that on November 3, 1920, plaintiff presented his claim to the board of county commissioners of Summit county demanding the return of said money, but said claim was rejected, and said money has not been returned or paid to the plaintiff; "that the said automobile herein mentioned was used by the plaintiff at the time of the seizure thereof for the unlawful transportation of liquor in Summit county, Utah; that, within two months after the delivery of the said automobile to the plaintiff by the said justice of the peace, the said M. J. Moss sold said automobile, and has not produced said automobile, and has not been able to produce said automobile since said time; that the said plaintiff, M. J. Moss, by his own act, has deprived Summit county of the power to repossess said automobile and to proceed with the forfeiture of said automobile."

Upon the foregoing findings the court found, as a conclusion of law, that plaintiff is not entitled to recover, and entered judgment to that effect, from which this appeal is prosecuted.

Plaintiff assigns the following as errors: (1) That the

court erred in finding that he agreed to deposit $500 for the return of his automobile; (2) that the court erred in finding that the plaintiff, by his own action, has prevented Summit county from repossessing itself of said automobile; (3) that the court erred in its conclusion of law; (4) that it erred in denying plaintiff's motion for a new trial; and (5) that the judgment is contrary to law. There are three other assignments, but they are covered by the foregoing. Assignments 1 and 2 need not be considered, (a) because it is not pointed out wherein the evidence is insufficient to justify the findings, and (b) because the assignments are not argued in the brief. Moreover, the material questions involved on this appeal relate to questions of law merely, which we shall now proceed to consider.

It must be conceded that the proceedings had before the justice of the peace in the criminal action were irregular, and that the record of such proceedings is likewise somewhat fragmentary, and incomplete. There is no doubt, however, that the plaintiff was duly charged with having committed an offense against our prohibition act, to wit, with knowingly and unlawfully having in his possession intoxicating liquors; that a warrant for his arrest was duly issued; that the sheriff arrested him and brought him before the justice of the peace, who issued the warrant; that large quantities of intoxicating liquors were found in plaintiff's automobile, which he was driving at the time of his arrest, and which liquors were in his exclusive possession; that after his arrest he deposited cash bail in lieu of a bail bond for his personal appearance; that the justice fined him in the sum of $299, and returned to him $201 of the $500 which was deposited for his personal appearance. There is, among the files in the case, a written plea of guilty, signed by plaintiff's attorney, and, in view that the whole $500 deposited for his personal appearance was not forfeited, it seems the justice must have acted upon the plea of guilty, and thus imposed a fine of $299, instead of forfeiting the whole amount deposited for plaintiff's personal appearance. Under our statute, plaintiff's attorney was authorized to enter a plea of

guilty in plaintiff's absence. We make these observations merely in explanation of the justice's record, and not because they have any controlling influence upon our decision. The justice had full authority, under our statute, to receive a cash deposit for plaintiff's personal appearance, but he had no authority to receive the $500, or any other sum, for the return of the automobile. Neither had he any authority to permit the automobile to be returned to the plaintiff.

It also appears from the justice's record that, when plaintiff was brought before the justice, and while under arrest, he was given time to consult counsel, which he did. Plaintiff having failed to return the automobile, the justice after imposing the fine as aforesaid, attempted to forfeit the $500, and turned the same over to the treasurer of Summit county. While under our statute, the automobile was subject to forfeiture and sale, the proceeds of such sale would, however, have to be paid to the state and not to the county. Moreover, a justice of the peace has no authority or power to forfeit an automobile or other property taken under a warrant or otherwise. Where an automobile, or other property, is being used for unlawful purposes, under our prohibition act, and is taken by an officer, the justice is required forthwith to certify the proceeding to the district court, and to which court the sheriff, or officer having custody of the property, must make full report. The district court, in case an automobile is seized, upon a hearing, may declare the same forfeited and order it sold, and the proceeds of such sale must be paid to the state treasurer. It is apparent, therefore, this in this case the proceedings were not only very irregular, but they were contrary to the provisions of our statute to which we have referred.

In view of what has been said, counsel for plaintiff in effect contend that the title to the $500 deposited by plaintiff for the return of the automobile never passed from him, and that the county holds the same for his use and benefit, and that the court erred in not entering judgment to that effect.

It must be conceded that the question of plaintiff's legal

right in the premises is not entirely free from difficulty and doubt. Plaintiff's counsel, in support of their contention, cite and rely upon the case of *Brasfield* v. *Town of Milan,* 27 Tenn. 561, 155 S. W. 926, 44 L. R. A. (N. S.) 1150, and the following cases which are cited in that case, namely, *Appelgate* v. *Young,* 62 Kan. 100, 61 Pac. 402; *Butler* v. *Foster,* Treasurer, etc., 14 Ala. 323, and *Snyder* v. *Gross,* 69 Neb. 340, 95 N. W. 636, 5 Ann. Cas. 152. In *Appelgate* v. *Young,* supra, the defendant, after having his bail forfeited appeared and was tried upon the charge filed against him, and was acquitted of the offense. It has also been held that, where one deposits cash bail, and his arrest was illegal, his act in depositing a cash bail cannot in law be held as being a voluntary act, but must be deemed to have been involuntary. In all of the foregoing cases cited on behalf of appellant either the officer or the court permitted the defendants to deposit money in lieu of bail bonds, and it was held in all of them that, in view that the statute did not authorize a cash deposit in lieu of a bail bond on a recognizance, the act of the court or officer in receiving the money was illegal and void, and that therefore the title or ownership of the money remained in the person making the deposit, whether deposited by the defendant himself or by some one for him, and hence, in a proper action, the money could be recovered by such depositor. In all of the foregoing cases however, the decisions are based upon the narrow ground that the court or officer receiving the deposit was without authority to receive the same, and, hence judgment therefor could be recovered in a proper action.

There are, however, quite a number of courts which hold that, where a cash deposit is made in lieu of a bail bond when the arrest was legal, although the deposit was made to a court or officer who was without authority to receive the same, and for that reason the deposit was illegal, nevertheless the defendant on whose behalf the deposit was made, and who thereby regained his liberty, or by such deposit obtained what he would have received in case a legal bail bond had been given, the person making the deposit is

estopped from recovering the money thus deposited. To that effect are the following cases: *Whiteaker* v. *State,* 31 Okl. 65, 119 Pac. 1003; *Reinhard* v. *City,* 49 Ohio St. 257, 31 N. E. 35; *Sauskelonis* v. *City of New Britain,* 89 Conn. 298, 94 Atl. 368; *City of Columbus* v. *Dunnick,* 41 Ohio St. 602; *Jones* v. *Gordon,* 82 Ga. 570, 9 S. E. 782; *Smart* v. *Cason,* 50 Ill. 195; *Cooper* v. *Rivers,* 95 Miss. 423, 48 South. 1024. See, also, *Woodward* v. *Bingham,* 25 Okl. 400, 106 Pac. 843. The reasons upon which the foregoing decisions are based are perhaps as clearly and tersely stated in the last two headnotes of the case reported in 89 Conn., supra, as in any other case. After stating the facts in the preceding head-note, that the cash bond was fixed and received without authority of law, and was void, the court's conclusion is stated in the headnotes referred to thus:

"That the transaction in reference to fixing the bail was unauthorized and illegal, but, inasmuch as the plaintiff voluntarily participated therein the law would leave him where he placed himself, and the courts would not aid him to recover the money which was the moving cause of his unlawful release.

"That by voluntarily entering into the arrangement the plaintiff had waived whatever illegality existed in the fixing or taking of the bail, and could not now attack the validity of the proceeding undertaken at his own instance."

In *Cooper* v. *Rivers,* supra, the reasons why the deposit may not be recovered are stated thus:

"It is unlawful for a sheriff, having arrested a person charged with crime, to allow him to go at large upon the deposit of money in lieu of an appearance bond; and if such deposit be accepted the officer becomes special bail for the accused, under Code 1906, § 1464, providing for taking of bail and that an officer neglecting his duty in that regard shall stand as special bail."

"One who deposits money in lieu of an appearance bond and thereby secures the release of a prisoner is in pari delicto with the officer accepting it, and cannot recover the funds where the accused fails to appear and the officer, recognizing that he became special bail, paid the money into court to abide the demands of the state."

In some other cases the reasons are further enlarged, and additional grounds are stated, but the principal grounds urged are that the defendant, after having voluntarily entered into the illegal arrangement, and having received

the full benefit of the illegal transaction, must be deemed to have waived all illegality and invalidity of the transaction. The reason is also given that the person who deposited the cash, by voluntarily entering into the illegal arrangement, is in pari delicto with the officer or court fixing and receiving the money in lieu of the bail bond, and hence the courts will leave the whole matter just as they found it, and decline to give relief.

The case at bar is, however, much stronger against the plaintiff's right to recover than any of the cases before cited, or any that the writer by independent research has been able to find. In this case the plaintiff, at the time of his arrest, was using the automobile for an unlawful purpose, and one which made it subject to be forfeited to the state of Utah. In his testimony in this case he conceded that he so used the automobile, and that he was aware of the fact that, if the intoxicating liquors were transported and found in the automobile, it would be forfeited to the state. With these facts in mind, and after consulting an attorney, he, for the purpose of being permitted to retain possession and have the use of the automobile, offered to deposit the $500 with the justice of the peace. His money was received, and he thus retained and had the use of his automobile. He also admitted that he shortly thereafter sold the automobile, and thus put it beyond his power to return it as he had agreed to do. True, he said that he did not sell it until after the remainder of the money deposited for his personal appearance had been returned to him, and the $500 forfeited. The plaintiff having thus fully realized the benefits of the agreement which he voluntarily entered into, why should he be heard to complain, although the agreement was illegal, and unenforceable in a court of justice? Then, again, all the courts hold that the proceedings to forfeit automobiles which are used in violation of the provisions of the prohibition laws, whether state or federal are civil in their nature, and are proceedings in rem, since the automobile to be forfeited is treated as the offending thing. *Hoskins* v. *State,* 82 Okl. 200, 200 Pac. 168; *Kirkland* v. *State,* 72 Ark. 171, 78 S. W.

770, 65 L. R. A. 76, 105 Am. St. Rep. 25, 2 Ann. Cas. 242; *United States* v. *One Stephens Automobile* (D. C.) 272 Fed. 188. To the same effect is *State* v. *Davis*, 55 Utah, 54, 184 Pac. 161. If, therefore, the taking of the automobile in question by the officer in the case at bar shall be considered as though it had been taken in a civil rather than in a criminal proceeding the plaintiff, nevertheless, should not recover.

The law is well settled that in a civil action, where a party to such an action, or one whose property is taken in such an action makes arrangements with the officer having the property to give a redelivery bond, or makes a cash deposit in lieu of such a bond, and his property is released and returned to him, he cannot thereafter question the legality of the transaction relating to the giving of the bond or the making of the deposit. Under such circumstances the person giving the bond or making the deposit for the property, which is deemed in *custodia legis,* and is returned to him, is estopped from questioning the legality or regularity of the bond or deposit, notwithstanding the fact that the transaction may not have been in conformity with the statute. True, he may, in a proper proceeding, litigate the officer's right to hold the property, and question the legality of the proceeding in which his property was taken. But he cannot do as plaintiff has done in this proceeding, namely, admit that he had violated the law of the land, and had committed an act by which he forfeited the right to his property, and, in order to retain its possession and use, make a deposit to cover its value, and, after receiving the same, and disposing of it, reclaim the deposit because the officer had no right to release the property and take the deposit in lieu thereof. To permit that to be done would be a reproach to the law, and a travesty of justice. Then, again, this action, in its nature and purpose, is one to recover for money had and received by defendant for the use and benefit of the plaintiff. The law respecting a person's right to recover in such an action, in 3 Page on the Law of Contracts (2d Ed.) § 1480, is stated as follows:

"The right of one person to recover money which belongs to

him, and which is paid to another person, depends not on whether the person to whom such payment was made could have compelled it by law if it had not been made voluntarily, but upon whether the person to whom the money is paid is entitled in equity and good conscience to retain it."

In 2 Elliott on Contracts, in section 1375, the author, in speaking upon that subject, says:

"In order to maintain an action for money had and received it is necessary to establish that the defendants have received money belonging to the plaintiff or to which he is in equity and good conscience entitled."

Can the plaintiff in this case in truth and in fact assert that he in "equity and good conscience" is entitled to the money sued for? But one answer is permissible, and that is that he is not. In any view, therefore, that we may take of the transaction here involved, the plaintiff should not be permitted to recover. Nor is it any concern of his that Summit county, instead of the state of Utah, has the money. Summit county is but an arm of the state government, and, if there are any differences between the state and the county, plaintiff is not concerned in their adjustment.

It follows, therefore, that the judgment should be, and it accordingly is affirmed, with costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.