## DUFEK v. HARRISON COUNTY et al. (No. 3319.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 30, 1926. Rehearing Denied Jan. 6, 1927.)

1. **Sheriffs and constables** &=104—Sheriff must keep person charged with crime in jail, unless required bail bond is furnished (Code Cr. Proc. 1925, arts. 42, 269, 273).

It is sheriff's duty to hold person charged with crime in jail until he is lawfully ordered to discharge him, unless prisoner in meantime furnishes bail bond as required by Code Cr. Proc. 1925, arts. 42, 269, 273.

2. **Bail** &=73—Money unlawfully accepted by sheriff for liberation of prisoner held not recoverable after forfeiture for prisoner's nonappearance.

In action for recovery of money given sheriff to release prisoner from jail and subsequently forfeited upon prisoner's nonappearance at

trial, such money cannot be recovered back, though act of officer in accepting deposit was unlawful.

**3. Action ⊕⟜4—No relief is obtainable, where illegal purpose is basis of claim.**

Plaintiff cannot obtain relief in case in which he must necessarily disclose illegal purpose as groundwork for his claim.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Ed Dufek against Harrison County and others. From a judgment for defendants, plaintiff appeals. Affirmed.

This appeal is from a, judgment denying appellant, plaintiff below, a recovery of $1,-000 he deposited, in lieu of a bail bond, with the sheriff of Harrison county to induce the sheriff, who, having lawfully arrested appellant, was holding him to answer a charge for violating the criminal laws of the state, to set him at liberty. The facts of the case, as found by the court, before whom it was tried without a jury, were substantially as follows: December 27, 1924, appellant was arrested by said sheriff on a warrant issued on a complaint charging him with unlawfully transporting intoxicating liquor, and carried before a magistrate, who required him to enter a bond in the sum of $1,000 for his appearance before the next regular term of the district court to answer the charge against him. Being in jail and unable to give the bond required of him, appellant induced the sheriff to permit him to deposit $1,000 in cash in lieu of a bond and to release him from custody. The sheriff delivered the money so deposited with him to the clerk of the district court of Harrison county, who, in conformity to instruction of the court, paid same over to the county treasurer after deducting parts thereof due himself and the sheriff and county attorney as commissions. January 6, 1925, an indictment charging appellant with the commission of said offense having been duly returned, the case against him was reached for trial in the district court of Harrison county, and when he was called he failed to appear. Thereupon the court entered a judgment nisi, which was made final at the following term, forfeiting to the state the money deposited by appellant as stated. No appeal from the judgment was ever prosecuted. At the time appellant's suit was commenced, and at the time of the trial thereof, appellant had not appeared to answer the indictment against him, but was a fugitive from justice. On the facts found by him, the trial court was of opinion that appellant was not entitled to recover as prayed for, and rendered judgment denying him anything and in appellees' favor for costs.

Hall, Brown & Hall and F. M. Scott, all of Marshall, for appellant.

Chas. E. Carter and John E. Taylor, both of Marshall, for appellees.

WILLSON, C. J. (after stating the facts as above). In this case, while the trial court concluded, correctly we think, that the sheriff was without authority to accept money in lieu of a bail bond, he thought appellant was not entitled to recover back the money deposited, because, he concluded, the judgment forfeiting the money to the state, until set aside in a direct proceeding for the purpose, was conclusive of the right of the state to the forfeiture, and because, he concluded further, appellant was a party to the unlawful act of the sheriff in accepting money in lieu of a bail bond and releasing him from custody.

We think the judgment is supportable on the last-mentioned one of the two grounds, and will not determine whether it is also supportable on the other one or not.

[1, 2] It was the sheriff's duty to hold appellant in jail until he was lawfully ordered to discharge him, unless appellant in the meantime furnished a bail bond as required by law. Articles 42, 269, 273, C. C. P. of 1925; Luckey v. State, 14 Tex. 400; Ex parte Wyatt, 29 Tex. App. 398, 16 S. W. 301. Hence the sheriff acted without authority and in violation of the policy of law when he accepted money in lieu of such a bond and set appellant at liberty. And knowing, as he was bound to, that the sheriff could not lawfully do so, appellant became a party to the wrong when he induced the sheriff to so accept money and liberate him. Sauskelonis v. Herting, 89 Conn. 298, 94 A. 368.

In the case cited, the accused, Sauskelonis, having been released by the officer on a deposit of money in lieu of a bond, sued to recover back the money. In affirming a judgment denying Sauskelonis relief the Connecticut Supreme Court of Error said:

"He [quoting] must be presumed to have known the law, and known that the taking of the cash bail in this manner was illegal."

[3] It is settled law that a plaintiff cannot obtain relief in a case in which he "must necessarily disclose an illegal purpose as the groundwork of his claim." 13 C. J. 492, and authorities there cited. The principle applies in this case because the basis of appellant's claim of a right to recover back the $1,000 he deposited with the sheriff is the illegality of the act of the sheriff in accepting the money and setting him at liberty. State v. Scanlon, 2 Ind. App. 320, 28 N. E. 426; Bryant v. Bisbee (Ariz.) 237 P. 380, 44 A. L. R. 1495; Kirschbaum v. Mayn (Mont.) 246 P. 953; Moss v. Summit County, 60 Utah, 252, 208 P. 507, 26 A. L. R. 206; Cooper v. Rivers, 95 Miss. 423, 48 So. 1024.

In the Scanlon Case, the Appellate Court of Indiana, after discussing other cases, said:

"In the case before us it was the prisoner himself who deposited the money. If the act was an illegal one, and one by which he wrongfully and illegally procured his discharge, he was himself a party to such wrongful act, and could never be heard to say that on account of this very illegality he is entitled to recover back the money by means of which he secured his discharge."

The plaintiff in the Bryant Case sought to recover money he deposited without authority of law, whereby he procured the release of certain persons charged with crime and lawfully in the custody of an officer. In affirming a judgment denying the plaintiff a recovery, the Supreme Court of Arizona said:

"That the transaction was illegal, there can be no doubt. The sergeant had no authority to fix bail. To release the accused without bail being properly fixed was a positive breach of duty. But it does not follow that the plaintiff is entitled to recover. Putting aside the question whether the proper parties plaintiff are not the accused persons, * * * we find that the plaintiff is seeking to recover moneys deposited in an illegal transaction which has been fully executed. He sought the enlargement of the accused, and accomplished that purpose by depositing $300 upon the understanding that it should be considered as bail for the appearance of the accused on the following Monday. Having accomplished his purpose, and the money being forfeited, as he agreed it might be if the accused failed to appear at the time stated [as they did], it seems to us that he is in pari delicto with the police sergeant, and in no position to complain."

In the Sauskelonis Case, already quoted from above, the court, after holding that the acceptance by the officer of cash bail was unauthorized, said:

"But it does not follow that the plaintiff can recover the cash bail he deposited upon his own request in order to obtain his release from a just confinement upon a lawful arrest. The plaintiff requested the sergeant to do an unlawful act, to fix his bail and release him from confinement, when the sergeant was without authority to do either. The sergeant complied with the unlawful request, and in violation of law released the plaintiff and thereby obstructed justice. Both plaintiff and sergeant have participated in an illegal act. The law presumes the plaintiff knew that he was soliciting and engaged in an unlawful act. The giving of the cash bail was the moving consideration for the unlawful release."

Appellant cites Butler v. Foster, 14 Ala. 323, Applegate v. Young, 62 Kan. 100, 61 P. 402, Snyder v. Gross, 69 Neb. 340, 95 N. W. 636, 5 Ann. Cas. 152, McNamara v. Wallace, 97 App. Div. 76, 89 N. Y. S. 591, Brasfield v. Town of Milan, 127 Tenn. 561, 155 S. W. 926, 44 L. R. A. (N. S.) 1150, and Eagan v. Stevens, 39 Hun (N. Y.) 311, as cases supporting his claim of a right to recover back the money he deposited with the sheriff.

In the Butler Case it appeared that the clerk of a circuit court, without authority to do so, had liberated a person in custody charged with a crime, on the deposit with him by such person of a sum of money as security for his appearance to answer the charge against him. The suit was by the county treasurer as such against the clerk to recover the money so deposited. The clerk having no authority as such to receive the money and admit the accused to bail, the Supreme Court of Alabama held that neither the county nor the state had any claim on the money deposited with the clerk, and that the county treasurer therefore was not entitled to recover it.

In the Applegate Case, the plaintiff, being in custody charged with a crime, was liberated by a justice of the peace, with whom the plaintiff deposited money in lieu of a bond. In reversing a judgment denying a right the plaintiff claimed to recover back the money, the Supreme Court of Kansas said the justice of the peace—

"having taken and retained the money without authority, it must be treated as the property of Applegate [the plaintiff], and therefore he was entitled to recover the same."

In the Snyder Case a similar ruling was made on facts not materially different, on the authority of the Butler and Applegate Cases. The McNamara and Eagan Cases, in which like rulings were made, were not unlike the other cases in any important particular, it seems.

The plaintiff in the Brasfield Case sought to recover back money he deposited with a city marshal in lieu of a bail bond to secure the release of his brother charged with a crime and in the custody of the officer. The city marshal was not authorized to accept money in lieu of a bond; and the court, on the authority of the Butler, Applegate, Snyder, McNamara and Eagan Cases, mentioned above, held the plaintiff was entitled to recover back the money, saying:

"The acceptance of the money and the subsequent proceedings of the municipal authorities with reference thereto were without any justification in law, were beyond the power of such authorities, and conferred no title to this money upon the city. The city could acquire no valid claim to the money by such proceedings. Therefore the money so deposited by complainant may be recovered by him in this suit."

In each of the cases relied upon by appellant and mentioned above, the conclusion of the court deciding it appears to have been reached without reference to the principle invoked by the courts deciding the Sauskelonis, Scanlon, and Bryant cases and cases like them, hereinbefore cited as supporting the ruling of the trial court in the instant cases. We regard the principle as controlling in such cases, and therefore are unwilling to follow cases ignoring it. When a

person charged with an offense against the laws of this state and held in jail in default of a bond to secure his appearance before the proper court to answer the charge against him, induces an officer to accept money in lieu of such a bond and to unlawfully liberate him, and afterwards fails to appear and answer such charge, we think such person should not be permitted to maintain a suit and thereby recover back the money so paid by him, on the ground that the act of the officer in accepting the deposit was unlawful.

The judgment is affirmed.