

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 22, 1970

Hon. Wiley L. Cheatham          Opinion No. M-756
District Attorney
24th Judicial District          Re: Duty, if any, of County
Cuero, Texas 77954                   Auditor to examine county
                                     jail records pertaining to
                                     the confinement and release
Dear Mr. Cheatham:                   of county prisoners.

        In your letter requesting an official opinion of
this office, you state that the 24th Judicial District for
which you serve as District Attorney, consists of five counties.
You state further that the Sheriff of one of these counties has
apparently been releasing some of the prisoners from the county
jail prior to the expiration of their lawful sentences. You
desire that a review of county jail records be undertaken in
order to determine to what extent this may have occurred so
that the matter may be taken before the Grand Jury. You inquire
as to the proper statutory procedures to be followed and also
expressly ask the following question in this connection:

        "Whether it is the duty of the County
    Auditor of the county in question to examine
    county jail records pertaining to the confine-
    ment and release of county prisoners in order to
    determine whether the Sheriff has released prisoners
    from the county jail prior to the expiration of
    their lawful sentences?"

        According to a standard reference work, "an 'audit'
is an examination by a qualified expert of the financial state-
ments and accounting records of a business enterprise, person,
agency or institution in order to enable him (the auditor) to
arrive at and report an informed opinion as to the material
accuracy and reliability of the financial statements examined."
Accountants Handbook (4th Ed. 1968, Ronald Press Company).
Similar definitions appear in Black's Law Dictionary (4th Ed.
1957).

-3691-

Both of the cited authorities appear to be in general agreement in restricting the common usage of the word "audit" to a review of financial records and supporting evidence.

While Article 1646a, Vernon's Civil Statutes, provides that the Commissioners' Court of any county under twenty-five thousand population "may have an audit made of all the books of the county" and "the district judge or grand jury may order said audit if either so desires," this statute was repealed in 1955. Acts 54th Leg. R. S. 1955, Ch. 414, p. 1117, 1118, Sec. 4. Also, see Attorney General Opinion O-2684 (1940), holding it unconstitutional.

Under Article 1641, Vernon's Civil Statutes, the Legislature has provided that,

> "Any Commissioners' Court, when in its judgment an imperative public necessity exists therefor, shall have authority to employ a disinterested, competent and expert public accountant to audit all or any part of the books, records, or accounts of the county ... as well as for all matters relating to or affecting the fiscal affairs of the county. The resolution providing for such audit shall recite the reasons and necessity existing therefor such as that in the judgment of said court there exists official misconduct ..." (Emphasis added.)

This statute was intended to give the Commissioners' Court the power to secure an audit of the county records of county officers either independent of or in addition to any other audit conducted by a county auditor. It is not limited to county finances or fiscal affairs, for the statute expressly confers authority to audit "all or any part of the books, records or accounts of the county" and concerns all officers, agents, or employees and county units and institutions "as well as for all matters" involving "fiscal affairs."

When any sheriff permits a prisoner committed to jail to remain out of jail without authority, he violates Article 2.18, 1040, 1046, Texas Code of Criminal Procedure; Articles 317, 318, 319, 323, 324, Texas Penal Code, and Article 5116, Vernon's Civil Statutes. Luckey v. State, 14 Tex. 400 (1855); Dufek v. Harrison, 289 S.W. 741 (Tex.Civ.App. 1927, no writ); Ex Parte Wyatt, 29 Cr. R. 398, 16 S.W. 301 (1891). It is the duty of the Sheriff to give notice to the district or county attorney, where there be one, on the first day of each month, listing the names of all prisoners in his custody and showing the authority under which he detains them. Article 2.19, Texas Code of Criminal Procedure. Consequently, the district or county attorney, may, when he discovers that prisoners have been unlawfully let out of jail by the Sheriff, call such to the attention of the Commissioners' Court for their appropriate action, which may include, in the exercise of their discretion, invoking the provisions of Article 1641. In the alternative or in addition to an audit of the official county records of the Sheriff, the District or County Attorney may take the matter before the grand jury for their appropriate action, which might include a subpoena of all the pertinent records of the Sheriff.

Article 5118a, Vernon's Civil Statutes, providing for commutation for good conduct of prisoners, its forfeiture, and the keeping of a record of same, directs as follows:

" ... The sheriff shall keep or cause to be kept a conduct record in card or ledger form and a calendar card on each inmate showing all forfeitures of commutation time and the reasons therefor."

We have concluded that the official prisoner records required to be kept by the sheriff in this connection, however, are not in the nature of records relating to fiscal matters or county finances which the County Auditor is required to audit under the statutes pertaining to his duties and authority.

Articles 1645, et. seq., Vernon's Civil Statutes, set out the specific duties and authority of the office of County Auditor. An overall review of these statutes confirms that the legislature's intent was to give to the office of County Auditor statutory duties and responsibilities pertaining to the examination and audit of such records and property as may relate to county finances. The County Auditor's office has been granted no general authority which would authorize or require such officer to search through the records of other county officials except as such a search might be required for verification purposes under good accounting procedures in connection with a financial audit, and, in this connection, it should be noted:

"The powers and duties of public officers are quite generally prescribed by the (sic) constitution and statutes, and, subject to constitutional limitations, these matters are under the control of the legislature; in many instances the constitution expressly gives it power to prescribe the duties of particular officers. The term 'duties' in such a grant to the legislature comprehends the further idea of power or authority, and the legislative act will be looked to for the authority of the officer as well as for a definition of his duties. Powers and duties are coextensive, and an officer has no authority to perform an act in respect of which no duty has been made to devolve on him." 47 Tex.Jur. 2d 138-39, Public Officers, Sec. 105. (Emphasis added).

"Public officers ... possess only such powers as are expressly conferred on them by law or are necessarily implied from the powers so conferred. They cannot legally perform acts not authorized by existing law." Id. at pp. 139-40, Sec. 106.

Powers entrusted to county officers generally emanate from the legislature alone. Consequently, ". . . the measure and limit of those powers are to be found in the statutes, and when a power claimed for them is not conferred by some statute it must be held not to exist . . ." Tarrant County v. Rattikin Title Co., 199 S.W.2d 269, 273 (Tex.Civ.App. 1947, no writ).

Pursuant to the above discussion, we answer your first question as follows:

The County Auditor has no general authority to examine the records of public officials except as may be required for verification purposes under good accounting procedures in connection with a _financial_ audit. Therefore, the County Auditor has no duty or authority to examine county jail records pertaining to the confinement and release of county prisoners unless he is seeking information as to the use or misuse of county funds.

Your second question inquires as to who, if anyone, has the authority to compel the County Auditor to examine county jail records pertaining to the confinement and release of county prisoners.

Since we have found in response to your first question that the County Auditor would have _no duty_ to examine county jail records pertaining to the confinement and release of county jail records under the facts presented (no allegation of misuse of county funds), it follows that the County Auditor cannot be compelled to perform the examination of such records--i.e. a public official cannot be compelled to undertake a job that it is not his duty to perform.

## S U M M A R Y

1. When he discovers that prisoners have been unlawfully let out of jail by the Sheriff, the District or County Attorney may call such to the attention of the Commissioners' Court for their appropriate action, which may include, in the exercise of their discretion, invoking the provisions of Article 1641, V.C.S. In the alternative or in addition thereto, he may present such matters to the grand jury for their appropriate action, which may include a subpoena of all the pertinent records of the Sheriff.

2.    It is not the duty of the County Auditor to examine county jail records pertaining to the confinement and release of county prisoners in order to determine only whether the Sheriff has released prisoners from the County Jail prior to the expiration of their lawful sentences.  The County Auditor would have no duty or authority to audit such records unless he were seeking information as to the use or misuse of county funds.

3.    Since the County Auditor has no duty to examine these records under the facts presented (no allegation of misuse of county funds) it follows that he cannot be compelled to undertake an examination of these records.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Larry J. Craddock and Austin Bray
Assistant Attorney Generals

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Sam Jones
Jim Swearingen
Dyer Moore
S. J. Aronson

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant