ENRIQUE JIMÉNEZ MARTÍNEZ, Petitioner, *v.* BALBINO GONZÁLEZ, WARDEN OF THE DISTRICT JAIL OF SAN JUAN, Respondent.

No. 454.   Argued February 16, 1950.—Decided March 29, 1950.

Rafael V. Pérez Marchand, Armando A. Miranda, and Santos P. Amadeo, for petitioner. Vicente Géigel Polanco, Attorney General, and J. Rivera Barreras, Fiscal of the Supreme Court, for respondent.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

The petitioner was arrested and imprisoned by order of one of the Assistant Prosecuting Attorneys of the Judicial District of San Juan, for the crime of extortion. The said Prosecuting Attorney fixed bail at $25,000. In the exercise of our original jurisdiction we issued the writ to investigate the causes for his alleged illegal detention under a petition which, in brief, claimed that (1) the bail was void because (a) there was no statutory provision in Puerto Rico authorizing prosecuting attorneys to fix bail, and because (b) if any such provision existed it was unconstitutional inasmuch as prosecuting attorneys are not judges or magistrates under § 40 of the Organic Act to whom a strictly judicial function such as the fixing of bail may be delegated; (2) that the bail was excessive.

At the hearing, after petitioner testified, the Fiscal of this Court very properly stated that in his opinion the bond was excessive and consented to its reduction. Since the petition posed other questions which had to be considered more amply, after hearing the parties, we fixed bail, pending appeal, at $3,000.

In his brief, just as he did at the hearing, the petitioner concedes that prosecuting attorneys are quasi-judicial officers to whom quasi-judicial functions may be delegated

such as the issuing of warrants of arrest and determining that there is proper cause therefor. He maintains, however, that the function of fixing bail is exclusively of a judicial nature for which reason it cannot be confided to a prosecuting attorney. He predicates his proposition essentially on the fact that § 40 of the Organic Act, of March 2, 1917—42 U.S.C.A. § 861—provides that the judicial power shall be vested in the courts and tribunals of Puerto Rico now established and in operation, under and by virtue of existing laws, and that since a prosecuting attorney is not a judicial officer or a tribunal within the meaning of the above Section, any statute vesting prosecuting attorneys with such power would be unconstitutional because it grants to officers not within the judiciary, strictly judicial powers.

Section 12 of our Code of Criminal Procedure defines a *magistrate* as an officer having power to issue a warrant for the arrest of a person charged with a public offense; and § 13 of the same code provides that *prosecuting attorneys*— besides judges—are magistrates. Section 97 of that same Code empowers the prosecuting attorney to issue warrants of arrest when violation of the law has been brought to his attention. Section 98 authorizes him to examine such witnesses under oath as to the offense charged and in the event that there is sufficient cause to file an information as provided by law; § 99 provides that if it appears that there is no sufficient cause he shall file with the clerk of the court the original proceeding with his indorsement recommending the discharge of the defendant. Section 100 provides that if it appears from the examination that a public offense has been committed and there is sufficient cause to believe the defendant guilty thereof, he shall order the arrest of the defendant by issuing a warrant therefor. On the other hand, § 44 (a) of the same code provides that in all warrants of arrest *the amount of the bail shall be fixed*, and said bail may be taken and admitted by any judge, prosecuting attorney, or clerk of the court.

It is clear from these provisions that if the prosecuting attorney is considered as a magistrate and with authority to issue warrants of arrest, he is authorized to fix the amount of bail required for the liberty of the defendant until the time of trial. Consequently, the only question for decision herein is whether said authority is of a strictly judicial nature which renders its delegation to the prosecuting attorney conflicting with the provisions of the Organic Act and hence, as alleged by the petitioner, unconstitutional.

As we have already said, the petitioner agrees that the act of issuing warrants of arrest and determining whether there is probable cause are quasi-judicial functions which may properly be delegated to the prosecuting attorney, the latter being a quasi-judicial officer.

The function of determining whether a person is entitled to be admitted to bail pending trial is, under the statutes controlling the right to grant bail, unquestionably of a judicial nature. But this is not the question involved herein, for in Puerto Rico the statute gives a person charged with a crime the right to remain at liberty, prior to his conviction, without need of a judicial order determining whether under the circumstances of the case the person is entitled to said right, as happened prior to the abolishment of the capital penalty in crimes receiving such punishment. The statute, today, leaves no discretion whatsoever in that respect.

As a general rule, the function of *fixing* bail has been regarded as a judicial act, but it has also been regarded as partaking of a quasi-judicial nature, incidental to the duty of issuing warrants of arrest. See *Berkowitz* v. *United States*, 90 F.(2d) 881 (1937) and *Sauskelonis* v. *Harting*, 94 Atl. 368 (Conn., 1915). This being so and prosecuting attorneys in Puerto Rico having authority not only to determine whether there is probable cause but also to issue warrants of arrest, the power granted to them to fix bail, also partaking of a quasi-judicial nature, is properly delegated to them as quasi-judicial officers. And, consequently, since

said function is not of a strictly judicial nature it need not necessarily be confined to judicial officers or tribunals under § 40 of the Organic Act, to the exclusion of other officers, inasmuch as said statute merely regards as functions of a strictly judicial nature those that may not be delegated to other officers not within the judiciary under § 40. *Cf. State v. Andrae,* 116 S.W. 561, 563, 216 Mo. 617.

The case of *Ocampo* v. *United States,* 234 U.S. 91, 58 L. ed. 1231 (1914), cited by the petitioner in support of his contention that the function of fixing bail may not be delegated to prosecuting attorneys does not support his theory. In said case the Supreme Court of the United States held that a statute which delegates to prosecuting attorneys the function of issuing warrants of arrest and determining whether probable cause exists is not in conflict with § 5 of the Philippines Organic Act since said function is quasi-judicial and may therefore be delegated to quasi-judicial officers, such as the prosecuting attorney. The case did not deal with the question raised herein as to the power of fixing bail, inasmuch as the Philippines statute did not grant said power to prosecuting attorneys.

We cannot therefore agree with the petitioner that the provisions of our Code of Criminal Procedure, existing for almost 40 years, insofar as they authorize prosecuting attorneys to fix bail, are unconstitutional. But we do agree however—as does the *Fiscal* of this Court—that the bail originally fixed to the petitioner by the prosecuting attorney is excessive. It should be reduced. We believe that under the circumstances of this case a bail for $3,000 is reasonable.

The petition for habeas corpus is granted on the ground that the bail, pending trial, originally fixed to the petitioner is excessive, it being reduced to $3,000, and the bond fixed by this Court at the hearing for admission to bail, pending appeal will be cancelled and the petitioner committed to the District Jail of San Juan until the new bond is furnished.